GEORGE VAN BLARICUM, Plaintiff in Error, *v.* THE PEOPLE, Defendants in Error.

ERROR TO RECORDER'S COURT OF THE CITY OF CHICAGO.

If the parties choose to have their cause tried by a prejudiced juror, it is not for the court to refuse them that right.

Where a juror states, upon examination, that he has an opinion in the case which he is called to try, and is accepted by the prisoner, if before he is accepted or challenged on the part of the people, the judge refuses to allow him to be sworn, it is erroneous.

AT the February term, 1855, of the Recorder's Court of the the city of Chicago, the plaintiff in error was indicted, tried, and convicted of the crime of larceny, and sentenced to four years' imprisonment in the penitentiary.

Upon the trial, the following bill of exception was taken :

*Be it remembered,* that upon the trial of this cause, four jurors were called, among whom were Alonzo A. Smith, Jacob H. Kingsley, and Lewis Doyle, who stated on examination by defendant's counsel, that they were of the jury who tried Edward F. Powers, indicted jointly with this defendant, and had formed an opinion, and had expressed it, as to the guilt of the defendant, but were accepted by the defendant, and thereupon the court, of his own mere motion, (and without having been challenged or accepted by the people), told said jurors to stand aside, which they did, to which decision of the court the defendant by his counsel then and there excepted.

BLACKWELL, BALLINGALL and UNDERWOOD, for Plaintiff in Error.

W. H. L. WALLACE, for The People.

CATON, J. The only question which we shall decide in this case is, whether the court could set aside a juror because he had formed and expressed an opinion in the case, although he was not challenged by either party. The juror was examined, and stated that he had an opinion in the case, but notwithstanding this, he was accepted by the prisoner, and before he had been accepted or challenged by the people, the court ordered him to stand aside, and refused to allow him to be sworn on the jury, to which the prisoner excepted. In this we think the court erred. It does not appear but that the juror possessed the legal qualifications required by the statute, but that he was subject to challenge for favor. If the parties chose to have their cause tried by a prejudiced juror, it was not for the court to refuse

them the right. I once heard a trial for murder, where a majority of the jury stated that they had formed and expressed the opinion that the prisoner was guilty, and still he accepted and was tried by them, and was acquitted upon a technical point, which his counsel evidently supposed those jurors had the capacity fully to comprehend, and the firmness and integrity to give him the benefit of. So in this case, the prisoner had a right to be tried by this juror, unless the people should challenge him. Whether he would have been challenged by the people, had he not been set aside by the court, we cannot know. It is enough that he might have been accepted by them, to give the prisoner the benefit of the exception. That chance, at least, was his right, and because he was deprived of it, he must have a new trial.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*