# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT

OF THE

## TERRITORY OF NEW MEXICO.

### JANUARY TERM, 1873.

## TERRITORY OF NEW MEXICO *v.* PLACIDE ABEITA.

OBJECTIONS TO JURORS, HOW WAIVED.—Any objection to the mode of the selection of a jury, or to the fact that some of the jurors are non-residents, if known to the defendant in a criminal case at the time of impaneling the jury, and not made at that time, will be deemed waived, and can not be insisted upon after verdict.

ROBBERY—VIOLENT TAKING, NECESSITY OF.—It is not error to refuse to instruct the jury on the trial of an indictment for robbery, that in order to a conviction they must find that the defendant did "with force and violence take the property," because it is sufficient if the taking was "with force and arms," or "by assault and putting in fear."

DISCREDITING WITNESS, INSTRUCTION AS TO, NOT ERRONEOUS, WHEN.—It is not error to refuse to instruct the jury in a criminal case that if they believe the principal witness for the prosecution "is fully contradicted by other good men as witnesses, and that he was drunk and admitted it before the justice, and denies it here, and in other respects is contradicted by the witnesses, the jury should give no weight to his evidence unless corroborated by other evidence," because such an instruction is too broad, and includes irrelevant matter.

APPEAL from the district court for the county of Bernalillo. The case appears from the opinion.

*J. S. Watts,* for the defendant and appellant.

*T. F. Conway, attorney-general,* for the plaintiff and appellee.

By Court, BRISTOL, J.:

Placide Abeita, the defendant herein, at the May term of the district court for the second judicial district, in and for the county of Bernalillo, in the year 1872, was tried and found guilty upon an indictment charging him with having committed the crime of robbery from the person of one Jose Duran. The cause has been removed to this court for review on bill of exceptions and appeal. After verdict a motion was made on behalf of the defendant for a new trial, on the ground of irregularities in the selection and summoning of the petit jurors serving at the term aforesaid, and from whom the jury impaneled to try the cause was taken; that one of such jurors had been summoned from an adjoining county, and was a non-resident of said county of Bernalillo, and that the court below erred in refusing to instruct the jury as requested on behalf of the defendant.

The respective points of error relied on by counsel for the defendant, we will take up and dispose of in the order presented. The first point of error assigned by counsel for the defendant is that the petit jury was not selected by the sheriff of Bernalillo county, but by the United States marshal, and that one of the jurors was a resident of Valencia county. There is nothing before the court from the proceedings in the court below showing how the jurors in attendance had been selected. The only statement appearing on the record in any manner relating to the jury is an admission at some stage of the proceedings that the summons for the petit jury was issued to the United States marshal, and served by him, and that Gregorio A. Otero, one of the jury that tried the cause, was not a resident of Bernalillo county, but a resident of Valencia county. The record does not show that the defendant interposed any objection to the jury until after verdict. Neither does it appear that the grounds of objection then interposed were not known to the defendant at the time the jury was impaneled. Without stopping to inquire whether there were or were not irregularities either in the selection or summoning of the jury, it is evident that none existed which the defendant

could not and did not waive by omitting to interpose his objections at the time of impaneling the jury. The defendant was at liberty to submit his case to an incompetent jury if he saw fit. If he did so, he was bound by it. It was too late at any subsequent stage of the proceedings, and especially after verdict, for him to interpose his objections unless it appeared that the grounds of objections were previously unknown to him: 1 Bish. Crim. Proc., secs. 783, 793, 807; 6 Cal. 405; 16 Ill. 364; 6 N. H. 352; 5 Mass. 435; 6 Miss. 426; 5 Wis. 324; 1 Pick. 38.

The second ground of error assigned on behalf of the defendant is that the court below erred in refusing to give the jury the first instruction asked for by the defendant. The instruction asked for was as follows: "If the jury believe from the evidence in the case that the defendant did not with force and violence take the property in the indictment, then the jury should find the defendant not guilty."

The indictment herein was found under section 30, chapter 51, page 326, of the Compiled Laws of New Mexico. The indictment does not contain the allegation that the robbery was committed by force and violence, but with "force and arms," and "by assault and putting in fear." This instruction therefore, under the statute, if given, would have been a positive misdirection to the jury, as the force may not have been applied in a manner to convince the jury beyond a reasonable doubt of "violence," while they might have been satisfied beyond any doubt that there was an "assault and putting in fear," which in addition to the other essential ingredients of the offense was all that was requisite for a conviction.

The third and last ground of error assigned on behalf of the defendant is that the court below erred in refusing to give the jury the fourth instruction asked for by the defendant, which was as follows: "If the jury are satisfied that Jose Duran is fully contradicted by other good men as witnesses, and that he was drunk, and admitted it before the justice and denies it here, and in other respects is contradicted by the witnesses, the jury should give no weight to his evidence unless corroborated by other evidence in the

case." The evidence discloses abundant material out of which proper instructions to the jury upon the testimony tending to discredit that given by the witness, Jose Duran, might have been drafted and presented to the court with the request that they be given to the jury.   But the instructions asked for in that connection were too broad in their terms, and too much incumbered with irrelevant and improper matters, to render them a suitable charge to the jury.   In the shape presented, they would have tended rather to mislead than to aid the jury in applying the law to the evidence.

There was no error in the rulings of the court below that will justify this court in disturbing the judgment.

Judgment of the court below affirmed.