[Brown v. State.]

# Brown *et al.* v. The State.

*Indictment for Arson.*

1. *Arson; degree of; test for distinguishing indictment.* — Under a statute dividing arson into three degrees, and clearly defining the circumstances which constitute arson in the first and second degrees, and providing that " arson committed under such circumstances as do not constitute arson in the first or second degree is arson in the third degree," an indictment merely charging arson in the general words of the statute, and following the analogous forms given for the higher degrees, without alleging any fact or circumstance which constitutes arson in the first or second degree, is necessarily an indictment for arson in the third degree, and is sufficient in form and substance.

2. *Arson in the third degree; value of property burned immaterial.* — The value of the building and contents burned is not an element of the offence in arson in the third degree.

3. *Same; relevancy of evidence on indictment for.* — In an indictment for arson in the third degree where the building is designated a " corn crib," proof that " corn and fodder were kept in it " is relevant and proper to show that the building was such an one as described in the indictment; but proof of what was in it at the time it was burned is irrelevant, and should be excluded on motion. An objection to the whole of such testimony, not distinguishing between the legal and illegal, is properly overruled.

4. *Motion in arrest of judgment; on what predicated.* — Motion in arrest of judgment can only be predicated upon matter which appears of record without the aid of a bill of exceptions.

5. *Disqualified juror; objection to, how waived.* — A party who knows of the want of qualification of a juror and accepts him nevertheless, or fails to make inquiry as to the matter, cannot afterward be heard to complain of such disqualification.

APPEAL from Circuit Court of Bullock.

Tried before Hon. H. D. CLAYTON.

The indictment in this case contained two counts. The first charged that " Joe Brown and Bama Hicks wilfully set fire to and burned a building, to wit a corn crib of Henry Grady," against the peace, &c. The second count charged that the defendants " wilfully set fire to and burned a building, to wit a barn of Henry Grady, against the peace," &c. It was demurred to : 1st. Because " it charged no offence known to the criminal law." 2d. Because, " as an indictment for arson in the third degree it was defective, and failed to show the setting fire to or burning was of any house or building under such circumstances as do not constitute arson in the first or second degree."

The demurrer was overruled, and defendants went to trial on a plea of " Not guilty."

On the trial, the State introduced evidence to show " that the alleged offence was committed by setting fire to and burning a crib in which the prosecutor kept corn and fodder, and then had corn and fodder therein." Defendants objected to the admission of this evidence, but their objection was overruled, and they duly excepted. Defendants then asked the witness " if

the crib burnt was within the curtilage of the dwelling," and on receiving an affirmative answer, moved to exclude the answer. The motion was refused and defendants excepted. The jury having found the defendants " guilty as charged in the indictment," they moved in arrest of judgment on the ground " that the verdict was contrary to the evidence and manifestly wrong," and that two of the jurors were incompetent to try the case, as they were neither householders or freeholders.

An entry on the minutes denying the motion recites that two of the jurors were neither householders nor freeholders, &c.

The defendants appeal, and assign as error the overruling of the demurrer and the various rulings of the court to which exception was reserved.

R. H. POWELL and C. J. L. CUNNINGHAM, for appellants.

JNO. W. A. SANFORD, Attorney General, contra.

BRICKELL, C. J. — Our statutes divide arson into three degrees, two of which are felonies and the third a misdemeanor. The character of the structures burned, or the circumstances of setting fire to or burning them, which constitutes arson in the first or second degree, are clearly and specifically defined by §§ 3697, 3698, of the Rev. Code, which affix a different punishment to each of those degrees. Section 3699 provides that " any person who wilfully sets fire to or burns any building, house, . . . . under such circumstances as do not constitute arson in the first or second degree, is guilty of arson in the third degree." Forms of indictment are given for arson in the first and second degrees, but none for the third.

The test for ascertaining to which of these degrees the offence charged belongs, both according to the forms given and the well settled rules of pleading, is the statement of facts contained in the indictment. By these the law fixes its character and pronounces the degree of crime charged. If the facts are stated which are necessary to constitute arson in the first degree, the indictment is a charge for that offence. If circumstances are stated in connection with the arson charged, which make a case within the influence of the second degree, the indictment is necessarily a charge for that offence. So, too, if facts are charged which constitute any kind of arson, and nothing is averred as to any circumstances which would make the offence arson in the second or first degree, the indictment, if otherwise sufficient, is an indictment only for the third degree. The defendant is in no way misled by such a charge ;

[Brown v. State.]

upon the facts stated there can be no conviction of a higher degree than the third, and he cannot be called on to meet any charge of arson " under circumstances constituting arson in the first or second degree." As already stated, the legal effect and meaning of the charge arises from the facts averred, and if facts constituting arson in the first or second degree are omitted, the facts stated (if they amount to a legal charge of arson) are tantamount to a declaration or averment that as to that offence no such circumstances existed; or, in other words, that the offence was done " under such circumstances as do not constitute arson in the first or second degree."

It is true that an indictment will not be upheld by intendment; but that rule has no such application to an indictment (which upon only those facts stated in it does charge an indictable offence) as to compel the court to hold it insufficient because if circumstances not alleged were added to the facts stated, the offence charged would assume a higher degree of criminality.

The indictment pursuing, as it does, the words of the statute and the analogous forms provided for arson in the first and second degrees, must, according to our decisions as to indictments following the statutory forms, be held sufficient. The objections raised by demurrer that the indictment charged no offence, and that it did not show that the " setting fire to or burning was of any house or building under such circumstances as do not constitute arson in the first or second degree," were properly overruled.

II. There is nothing in the objection to the ruling of the court permitting the prosecutor to state that the building burned " was a crib in which he kept corn and fodder, and in which he then had corn and fodder." Such a crib is undoubtedly such a structure as comes within the provisions of § 3699; broader words could hardly be used than " house " or " building," and a corn crib is certainly both a house and a building. In arson in the third degree, the value of the building burned is not an element of the offence; it is only in the burning of certain classes of buildings, mentioned in § 3698 of R. C., that value is material. It was therefore immaterial that no value was proved. Nor was there any error in refusing to rule out the foregoing testimony, after the defendant had proved by the prosecutor that the corn crib burnt was in the curtilage of the dwelling-house. Setting fire to a barn within the curtilage of a dwelling-house does not of itself constitute arson in the second degree under § 3698 of the Code; some other building mentioned in that section must be burned thereby, before the burning of the barn within the curtilage can constitute arson in the second degree. The evidence as to the barn's being

[Fields v. State.]

within the curtilage did not prove a higher degree of arson than that charged, or show a variance. The evidence as to what was in the crib at the time it was burned was irrelevant, although it was proper to show the purpose for which the building had been used, by the testimony that " he kept corn and fodder in it," in order to identify it with the kind of crib described in the indictment — to wit, a " corn crib." The objection made by the defendant was to the whole of the testimony; and as part of the testimony was unobjectionable, and the objection was levelled at the whole, the court rightly overruled the objection. Besides, we cannot see how the evidence that corn and fodder were in the barn at the time it was burned could have prejudiced the defendants.

III. The motion in arrest of judgment, as it is called, was properly overruled for several reasons. The question sought to be raised did not properly appear of record, and was not, therefore, matter of arrest of judgment. If the statements in the entry overruling the motion in arrest of judgment were held sufficient to justify this court in revising the action of the court below, we could not reverse. It does not appear that the defendants were ignorant of the want of qualification of the two jurors at the time they accepted them, or that the defendants made any inquiry upon this point before the jurors were accepted. For aught that appears in this record the defendants may have known of this disqualification, and speculated upon the chances of a verdict, intending to avail themselves of the objection only in event of a conviction. This is not permissible. *People* v. *Stonecifer*, 6 Cal. 405 ; *Booby* v. *State*, 4 Yerg. 111 ; *Commonwealth* v. *Norfolk*, 5 Mass. 435 ; *Van Blaicum* v. *People*, 16 Ill. 364.

It results from what has been said that the judgment must be affirmed.