## B. A. STAMPOFSKI

### *v.*

## A. H. STEFFENS.

| 79 | 303 |
| 23a | 643 |

| 79 | 303 |
| 46a | 38 |
| 47a | 600 |

| 79 | 303 |
| 61a | 155 |
| 61a | 293 |

| 79 | 303 |
| 188 | [2]461 |

| 79 | 303 |
| f190 | [1]139 |
| 94a | 341 |

| 79 | 303 |
| 105a | [1]655 |

1. CREDIBILITY OF WITNESSES—*always a question for the jury.* The credibility of witnesses is always a question for the jury. And where the plaintiff testifies to one state of facts, and the defendant to another and different state of facts, and the result of the case depends to a great extent upon their veracity, it is for the jury to determine, from their appearance on the stand, their manner of testifying, etc., which they will believe. And when they have done so their finding will not be disturbed.

2. JURY—*must rely upon the evidence introduced in court.* The jury must rely upon the evidence introduced in court; they can not go outside for the purpose of getting facts upon which to base a verdict.

3. In a suit where one of the questions was, whether certain furniture was made in a workmanlike manner, it was held that a juror had no right, without the consent of the parties, to go where the furniture was stored and examine it.

4. MISCONDUCT OF JUROR—*party waives objections by remaining silent after knowledge.* In a suit where one of the questions before the jury was, whether certain furniture was made in a workmanlike manner, one of the jurors, while the trial was in progress, without permission, visited the place where the furniture was stored, and made an examination of it. This was done without the knowledge or consent of the plaintiff.

Before the case was finally submitted to the jury, the defendant was in-
formed of this conduct of the juror, but he failed to notify the court of it
or to interpose any objection to the trial proceeding, but remained silent:
*Held*, that the conduct of the juror was irregular and unlawful, but that
the defendant, by remaining silent after he became aware of it, waived
his right to object to it after the verdict was rendered.

APPEAL from the Superior Court of Cook county; the
Hon. JOSEPH E. GARY, Judge, presiding.

Mr. JAMES FELCH, for the appellant.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, brought by appellee
against appellant, to recover for labor performed in the man-
ufacture of certain furniture.

A trial of the cause before a jury resulted in a verdict and
judgment in appellee's favor for $153.08, which the appellant
seeks to reverse upon two grounds: first, that the verdict is
against the evidence; second, improper conduct on the part
of one of the jurors during the progress of the trial of the
cause.

The controversy between the parties grows out of the fact
that they do not agree in regard to the contract under
which the furniture was made.

The appellee testified that he was to be paid for his labor
at the rate of three dollars per day, and that the furniture
was to be made by hand, and after the German fashion;
while, on the other hand, appellant testified the furniture
in question was to be made for sixty dollars, and appellee was
to be paid in the rent of a house which he was at the time
occupying, belonging to appellant, and nothing was said on
the other two points.

The result of the case, therefore, depended to a great ex-
tent upon the veracity of the parties to the record.

If the evidence given by appellee was entitled to the greater
degree of credit before the jury, the verdict would necessarily

be in his favor; but if appellant was more credible, then no recovery could be had.

The credibility of witnesses is always a question for the jury. It was, therefore, for the jury to determine, from the appearance of the two witnesses upon the stand, their manner of testifying, etc., which one of the two they would believe. This they had done by their verdict, and where there is as clear and glaring a conflict in the evidence upon the main question in the case as is presented by this record, it is no part of the duty of an appellate court to disturb the finding of the circuit court.

The record, however, discloses several facts which, no doubt, had great weight with the jury in turning the scale in appellee's favor.

The appellee commenced to occupy a house belonging to appellant, January 9, 1873, at a rental of $8 or $10 per month, which he occupied until the following September. If the contract price of the furniture was, as claimed by appellant, to be but $60, it would be fully paid by the rent. It, however, appears by the evidence that from February to the 19th day of August, while the work on the furniture was in progress, appellant paid to appellee, in cash, various sums, amounting in the aggregate to the sum of $60, as sworn to by appellee, and $80, as claimed by appellant. If appellant's version of the contract be the correct one, it seems strange that he would have paid appellee the amount of money the record shows was paid, when, at the same time, appellee was paid in rents for the contract price of the work.

It was also claimed that the furniture was not made in a workmanlike manner, and evidence was introduced tending to establish that fact. On the other hand, evidence was introduced tending to show the workmanship to be good, and that the furniture was made in a proper manner. But however the fact may be, the record shows no such preponder-

ance in favor of appellant as to justify a reversal of the judgment.

It is, however, claimed that the judgment should be reversed for the reason that, while the trial was in progress, one of the jurors, without permission, visited the place where the furniture was stored and made an examination of it for himself.

It is not claimed that this act of the juror was done with the knowledge or consent of appellee or his attorney; on the contrary, the affidavits filed clearly show such was not the case.

The juror had no right, without the consent of the parties, to examine the furniture. On the trial of a cause the jury must rely upon the evidence introduced in court; they can not go outside for the purpose of getting facts upon which to base a verdict.

But it appears that appellant was informed of the irregular conduct of the juror while the cause was on trial, and before it was finally submitted to the jury. Under such circumstances it was the duty of appellant to notify the court of the conduct of the juror, and interpose an objection to the trial proceeding before a juror who had been guilty of conduct which was likely to interfere with a fair and impartial administration of justice.

This, however, he failed to do, but remained silent, and speculated upon the chances of a successful verdict in his favor, predicated upon the superior information the juror had obtained in an unlawful manner. By remaining silent, when it was his duty to speak, he has waived the right now to object.

It was held in the case of *Van Blaricum* v. *The People*, 16 Ill. 364, that a party had a right to have a cause tried by a partial jury, if he saw proper. So here, after appellant received notice of the conduct of the juror, if he saw proper to have him pass upon his case it was his right to do so.

At all events, his silence, after he became aware of the improper conduct of the juror, must be regarded as a waiver of the irregularity.

As the record discloses no substantial error, the judgment will be affirmed.

*Judgment affirmed.*