CHICAGO, MILWAUKEE & ST.PAUL RAILROAD COMPANY

v.

HERMAN KRUEGER.

*Action for Personal Injury—Negligence—Question for Jury—Instructions—Comparative Negligence—Misconduct of Juror—Waiver of Objection—Custom—Railroads.*

1.   A charge of negligence, especially where the evidence is conflicting, presents a question of fact for the jury; and, unless their finding is clearly against the weight of the evidence, it will be taken as final.

2.   Where there is evidence tending to show a cause of action, and sufficient to make the case a proper one for the consideration of the jury, an instruction to find for the defendant is improper.

3.   It is improper to give an instruction which calls the attention of the jury to specific portions of the evidence

4.   Although the conduct of a juror at the trial may have been improper, the defendant, after allowing the trial to proceed without objection, can not take advantage of such misconduct.

5.   Negligence on the part of the plaintiff, materially contributing to the injury, will not bar a recovery, provided he was in the exercise of ordinary care, and the defendant was guilty of contributory negligence of such degree that, when compared with the negligence of the plaintiff, the former is gross and the latter slight.

[Opinion filed November 9, 1887.]

APPEAL from the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Mr. E. WALKER, for appellant.

.Mr. B. M. SHAFFNER, for appellee.

BAILEY, J. This was an action on the case, brought by Herman Krueger against the Chicago, Milwaukee & St. Paul Railroad Company, to recover damages for a personal injury. A trial before the court and a jury resulted in a verdict and judgment in favor of the plaintiff, for $2,000. The plaintiff, at the time of his injury, was in the employ of the defendant, and was engaged in washing the exterior of its passenger cars standing upon a certain track of the defendant, extending east and west between Sangamon and Peoria Streets, Chicago, said track being then used by the defendant for the purpose of standing cars to be washed. Parallel with said track, and about twelve feet northerly therefrom, was another of defendant's tracks, and midway between said tracks was a hydrant to which the plaintiff had attached a hose for washing the cars. Between the tracks and extending at a considerable distance each way from the hydrant, there had been placed a line of car-trucks with the axles parallel with the rails of the tracks, thus leaving a passage way of about four and one-half feet on either side between the trucks and the railroad tracks, and about two and one-half feet between the trucks and passenger cars standing on the tracks.

At the time of the injury, two or more passenger cars were standing on the southerly track to be washed, and the plaintiff, having finished washing one of said cars, went, with his hose on his shoulder, toward another car standing further west, and in doing so, passed to the northerly side of the trucks, and was there struck by a car moving on the northerly track and injured. The car which struck the plaintiff, as seems to be admitted, was detached from the engine or other cars, and was moving by its own momentum, without any person on it to check or stop it, or give notice of its approach. It appears that the defendant was in the habit, in making up its trains, to uncouple its cars from the engine about one block east of the point in question, and allowing them to be carried by the momentum previously given them by the engine, past said point some two or three blocks west.

C., M. & St. P. R. R. Co. v. Krueger.

The plaintiff gave evidence tending to show that it was the defendant's custom, while making up its trains in this manner, to station a man on the westerly platform of its cars while so in motion, whose duty it was to check or stop them, and to give warning to all persons likely to be injured.    The defendant, on the other hand, introduced evidence tending to show that such had not been its custom.

The plaintiff's evidence tended to show that, on starting to go west to another car, the plaintiff looked toward the east to see whether any cars were on the northerly track, and saw none; that it was inconvenient for him to pass with the hose on his shoulder along the narrow passage way between the trucks and the passenger cars on the southerly track, and that he therefore went to the other side of the trucks and was walking west between the trucks and the northerly track when struck by the moving car.    The defendant gave evidence tending to show that the plaintiff, at the time he was injured, was walking, not between the northerly track and the trucks, but on the northerly track.

The principal charge of negligence made against the defendant is, sending a moving car along said track unaccompanied by any person to check or stop it or to give notice of its approach.    The defendant charges negligence upon the plaintiff in choosing the more dangerous path in passing from one car to another, and in not being sufficiently watchful to ascertain the approach of the moving car.    The evidence applicable to these respective charges of negligence was more or less conflicting.    A variety of circumstances, which we can not stop to go over in detail, were developed on both sides, tending to support the respective theories of the parties.    A charge of negligence, especially where the evidence is conflicting, presents a question of fact for the jury.    It is for them to settle discrepancies and contradictions, and to give construction to all the surrounding circumstances so far as they are shown.    Unless their conclusions are clearly against the weight of the evidence, their finding must be taken as final and conclusive.    After duly considering all the evidence in the case, we are unable to say that there is any such preponderance of

the evidence against the verdict as would justify us in disturb-
ing it.

We think the jury were properly instructed as to the law.
Complaint is made of the refusal of the court to give the
defendant's first, second and eighth instructions. The first
instruction was in terms a direction to the jury to find a verdict
for the defendant. So long as there was evidence tending to
show a cause of action, and sufficient to make the case a proper
one for the consideration of the jury, an instruction to find for
the defendant was clearly improper. The second instruction
was properly refused for several reasons. It held it to be
incumbent on the plaintiff to show by a preponderance of the
evidence that the injuries complained of resulted from the
negligence of the defendant alone. The rule is, that negli-
gence on the part of the plaintiff, materially contributing to
the injury, will not bar a recovery, provided he was in the
exercise of ordinary care, and the defendant was guilty of
contributory negligence of such degree that, when compared
with the negligence of the plaintiff, the former is gross and
the latter slight. Nor was the instruction justified by the
fact that the plaintiff, in his declaration, alleged that he, at the
time of the injury, was using proper and ordinary care. Such
allegation is consistent with and will support a recovery under
the rule of comparative negligence. The refusal of the
instruction may be justified on the ground that it attempts to
rehearse the evidence, and gives a long catalogue of facts,
which it states there is evidence tending to prove. Instructions
calling the attention of the jury to specific portions of the evi-
dence have been uniformly condemned, and we are unable to
see anything in this instruction taking it out of the established
rule on the subject.

The eighth instruction holds that, if the plaintiff was en-
gaged in washing cars on the southerly track, and was not
engaged at work on the northerly track, and that in the dis-
charge of his duty he was not required to go on that track
or in close proximity thereto, then it was not the duty of the
defendant to give the plaintiff warning of approaching cars.
Without determining what might have been the legal duty of

the defendant in the premises if it had never adopted the practice of stationing a man on the forward platform of cars sent over the track propelled by their own momentum, for the purpose of controlling their motion and giving warning of their approach, the evidence of that custom, as well as of various other matters developed at the trial, made it a question of fact for the jury whether the defendant in this particular instance was guilty of negligence in sending its car over the track without control or warning.

Some complaint is made of the conduct of one of the jurors at the trial. Such conduct consisted in propounding various questions to the witnesses, and evincing, by his questions and manner, a partiality or bias in favor of the plaintiff. It appears that when objection was made by defendant's counsel, the juror desisted from asking further questions, and that the defendant elected to proceed with the trial. While the conduct of the juror may have been improper, the defendant can not now, after allowing the trial to proceed without objection after the bias of the juryman, if any existed, had become manifest, take advantage of such misconduct. Stampofski v. Steffens, 79 Ill. 303; C. & E. I. R. R. Co. v. Holland, 13 N. E. Rep. 145.

None of the errors assigned are sustained, and the judgment will be affirmed.

*Judgment affirmed.*