WILLIAM  F.  MCLAUGHLIN

v.

JOSEPH  E. HINDS  ET  AL.

*Practice—Improper Action of Attorneys and Jury—New Trial.*

1.  This court condemns the conduct of jurors and certain attorneys in the case presented, they having adjourned to a neighboring saloon after the verdict had been sealed and before it had been opened and rendered, and there indulged in conversation, and "treats" at the expense of one of said attorneys.

2.  Such occurrence, to be used as an objection to the verdict, should be interposed before the same is opened and read.

[Opinion filed January 27, 1893.]

APPEAL from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.

Messrs. CRATTY BROS. and MACLAREN & JARVIS, for appellant.

Mr. SIDNEY SMITH, for appellees.

MR. JUSTICE SHEPARD.  The contract out of which the controversy between the parties to it arose, resulting in this appeal from the judgment of the Circuit Court, was as follows:

"Chicago, 6, 28, 1888.

"We, the undersigned, agree to furnish Mess. W. F. McLaughlin & Co. five million coffee wrappers, to be of same paper exactly as sample attached and marked A.   Printing to be same as sample attached, signed and marked B. Colors of printing and color work to be exactly same as sample attached, signed and marked C.   For said wrappers W. F. McLaughlin & Co. to pay at the rate of one dollar and ninety-five cents ($1.95) per M, f. o. b. Chicago.   First

McLaughlin v. Hinds.

car to be delivered in Chicago, October 1, 1888, and one car the first of each month thereafter until contract is completed. Sample lot of 500,000 to be shipped as soon as convenient. This order is contingent on above sample lot being satisfactory to McLaughlin & Co., as regards conditions of contract for large lot.

"HINDS, KETCHAM & Co."

The law of the case was correctly applied by the court in the instructions to the jury, and in its rulings upon the evidence offered, as we interpret the contract.

Upon the facts, concerning which the evidence is full of conflict, the conclusion of the jury should not be overturned without much weightier reasons than we are able to discover in the record.

On the question raised by reason of some of the jurors accompanying Ludden, who assisted in the trial as an attorney for the appellees, to a neighboring saloon, after the verdict had been sealed, and before it had been opened and rendered, and there indulging in conversation, and "treats" at the expense of Ludden, and the joining there in conversation and festivities by Moore, who assisted at the trial as an attorney for the appellants, we could not, if we were to try, speak in language sufficiently condemnatory of such conduct, by both jurors and attorneys.

Neither would we hesitate to set aside a verdict and judgment in a case where such conduct had been indulged in, if the party calling our attention to it in the conclusive manner herein established, had performed his duty in the premises.

But the conduct complained of occurred on the evening of one day, and the sealed verdict was not opened until ten o'clock on the following morning.

One of the attorneys for the plaintiff actually participated in the occurrence, and if it were to be used as an objection to the verdict, it should have been interposed in a proper manner, before the verdict was opened and read. To hold otherwise, would be to allow counsel to speculate on the result of the verdict, and to urge it

as an objection or not, as his client's interests might be affected. Stampofski v. Steffens, 79 Ill. 303. We do not think, under such circumstances, that the trial court erred in overruling the motion for a new trial, for anything that was then made to appear concerning the conduct of the jurors and attorneys in the case.

We fail to discover any sufficient error in the record to justify us in reversing the cause, and the judgment of the Circuit Court will therefore be affirmed.

*Judgment affirmed.*