## North Chicago St. R. R. Co. v. Charles D. Burgess, by His Next Friend.

1. Instructions—*Reference to the Amount of the Ad Damnum.*— Reference in an instruction to the amount claimed in the declaration by stating that if the jury find the defendant guilty, damages can not be assessed beyond the amount of the *ad damnum*, is not to be commended, but does not, necessarily, constitute reversible error.

2. Appellate Court Practice—*Questions of Excessive Verdicts Must be Raised in the Court Below.*—Where the objection that the amount of the verdict is excessive is not included in a motion for a new trial in the court below, it is too late to raise the question in the Appellate Court.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. Axel Chytraus, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901. Affirmed. Opinion filed March 29, 1901.

John A. Rose and Louis Boisot, Jr., attorneys for appellant; W. W. Gurley, of counsel.

McClellan & Spencer, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an action for personal injury. The case was tried before a jury, and the Superior Court gave judgment in favor of appellee upon the verdict. From that judgment this appeal is prosecuted.

Appellee, a boy ten years of age, was injured while attempting to board one of appellant's cars the latter part of January, 1898. There is evidence tending to show that in company with several other boys he was returning from a sociable at the house of the pastor of the church in the choir of which they were singers; that they stopped at a corner and waited for a car; that when the car came it stopped, and that just as appellee "was getting on, the car started up with a jerk" and appellee "fell into a heap of snow," and "his arm went under the car someways" and he was injured. The injury proves to be severe, and appears to have rendered the arm permanently useless.

The declaration charges that the car was wrongfully started while appellee was in the act of becoming a passenger, and when he had already become such passenger; and also that appellant had wrongfully and negligently allowed an accumulation of snow to remain alongside its tracks; that appellee was thrown by the movement of the car against such bank of snow, by reason of which he was thrown and rolled under the car.

It is claimed by appellant that the plaintiff attempted to jump on the car while it was moving, but that the platform being crowded he was unable to get on, and fell, and there is evidence tending to sustain this contention.

It is first urged that the court erroneously modified an instruction requested by appellant, as follows:

"The jury should not consider the question of the amount of the plaintiff's damages until they have determined the questions: First, whether the plaintiff was exercising ordinary care for his own safety, for one of his apparent age and intelligence, at the time of the injury; and, second, whether the defendant was guilty of the negligence charged in the declaration. And unless they find from the preponderance of the evidence that the plaintiff was exercising

North Chicago St. R. R. Co. v. Burgess.

ordinary care, for one of his apparent age and intelligence, for his own safety, and that the defendant was guilty of the negligence so charged, the verdict must be not guilty as to defendant. The jurors are not to compromise between the question of liability and the amount of damages, nor are they to arrive at a verdict by chance; and even if they find the defendant guilty, they must not reach an assessment of damages by adding the amount individual jurors think ought to be awarded, and dividing the amount so obtained by the number of jurors voting; and no juror must consent to a verdict which does not meet with the approval of his own judgment and conscience, after due deliberation with his fellow jurors, and after fairly considering all the evidence admitted by the court, and the law as given in the instructions of the court."

The court refused to give this instruction as asked, but modified it by adding to it the following sentence :

"And the jury are further instructed that even though under the evidence and instructions of the court they should find the defendant guilty, damages can not in this case be assessed beyond twenty thousand dollars, the *ad damnum* in the declaration."

It is argued that as no other instruction was asked or given referring to the subject of damages, the effect of this instruction, as modified, was to advise the jury to find a verdict of $20,000, regardless of the evidence; and that this was reversible error. In support of this contention the cases of C., R. I. & P. R. R. Co. v. Austin, 69 Ill. 426; Freeport v. Isbell, 83 Ill. 440; Cleveland, C., C. & St. L. Ry. Co. v. Jenkins, 174 Ill. 398; Ill. C. R. R. Co. v. Souders, 178 Ill. 585, are cited. But we do not regard the instruction in the case before us as equivalent to telling the jury that they were expected to render a verdict for the amount mentioned, as was held to be the effect of the instruction in the first of the above cited cases; nor does it tell the jury to ignore the evidence in determining the question of liability. Taking the instruction as a whole, what precedes as well as the modification or addition complained of, it certainly is not, as we view it, open to the objection of indicating to the jury that they are to determine the question of liability in any other way except from the evidence. There is noth-

ing in the modification complained of which conveys the idea that the jury might allow damages such as they may deem fair and just compensation of their own volition, aside from what the evidence warranted. On the contrary the jury is expressly told that no verdict should be consented to, which does not meet approval "after fairly considering all the evidence admitted by the court." Such also is the tenor of several other of the instructions given. In East St. L. Con. Ry. Co. v. O'Hara, 150 Ill. 580 (584), it is said that "although such reference to the amount of the *ad damnum* in the declaration is not to be commended, still we do not think it constituted such error as calls for a reversal of the judgment."

It is urged that a new trial should have been granted because of alleged misconduct of appellee's attorney, in alluding to a written statement the signature to which was obtained from one of appellee's witnesses before the trial, it appearing that upon objection of appellee's attorney appellant was prevented from stating the purpose for which the statement was procured. It is said that under these circumstances the attorney had no right to tell the jury what could have been only the product of his imagination as to what that purpose was. It is true that it is highly improper for attorneys to inject into their argument to the jury any statements not warranted by the actual evidence. But an examination of the evidence does not at all convince us that this was done in the matter referred to. There was, nevertheless, another remark of appellee's attorney which is much more open to question. He was interrupted before the sentence was concluded and an objection was sustained by the court. An attorney has no right to say to the jury outside of the evidence that appellant "had three conductors and gripmen who were used to things happening like this—" if the reference was to the accident and injury. There is enough doubt, perhaps, from the absence of the context, and by reason of the statement of the offending attorney immediately made, "I was going to modify that," to prevent the conclusion that it was intended to

leave the impression which, standing by itself, the uncompleted sentence might appear to convey, or that any injurious prejudice in the jury was in fact produced. On the whole we can not say that the trial judge who heard the remarks of counsel and conducted the trial, erred in refusing a new trial on this ground, it being a matter resting within his sound legal discretion. We can not say from the record that such discretion was not properly exercised.

It is urged that the misconduct of one of the jurors was such as to make it error to have refused a new trial. We have read with care the colloquy between the juror in question and the counsel, and his interrogatories addressed from time to time to witnesses. As is intimated in C., M. & St. P. Ry. Co. v. Harper, 128 Ill. 384, while the juror assumed a duty which did not belong to him, still there is nothing which shows that he had become incompetent to discharge his duty as juror, though he does appear to have been over-officious and inclined to be disputatious. But we find no objection made by counsel for appellant at the time to the juror's interference. It is too late to raise the objection for the first time on motion for a new trial, having taken, without objection, the chances of a favorable verdict. 2 Thompson on Trials, Sec. 2613; C., M. & St. P. Ry. Co. v. Krueger, 23 Ill. App. 639 (643); Stampofski v. Steffens, 79 Ill. 303.

It is urged that the verdict of $10,000 is excessive. It is quite possible that, sitting as jurors, we might not have been willing to agree to so large an amount. But that is not the controlling question. The amount to be awarded was distinctly within the province of the jury, and we are unable to say from a careful consideration of the record that its settlement was influenced in any degree by passion or prejudice. It does not appear that objection to the amount awarded was raised on motion for a new trial in the Superior Court, nor does it appear that the court's attention was in any way called to the point now urged. Had this been done, an opportunity would have been afforded the trial judge to require a remittitur, if, in his judgment, objec-

tion to the amount of the verdict having been raised, such
remittitur was warranted.   It is, we think, too late to raise
the objection now.   Jones v. Jones, 71 Ill. 562; Brewer v.
Boddie, 162 Ill. 346; Calumet, etc., v. Van Pelt, 68 Ill.
App. 582 (585).

Finding no reversible error the judgment of the Superior
Court must be affirmed.