ORRIN NORTON

v.

J. M. HUMMEL.

*Sales—Conditional Executory Contract—Fulfilment of Condition—Delivery—When Unnecessary—Remedies of Vendor—Costs.*

In an action to recover the contract price of a corn planter and check-rower, it is *held:* That the transaction between the parties concerning said implements was a conditional executory contract of sale; that upon the fulfilment of the condition the defendant ceased to hold possession as bailee, and thereafter held as vendee; that as vendee he is liable for the full contract price; and that the general judgment for costs only affected costs not theretofore adjudicated.

[Opinion filed January 8, 1887.]

APPEAL from the Circuit Court of DeKalb County; the Hon. CHARLES KELLUM, Judge, presiding.

Messrs. JONES & BISHOP and A. E. SEARLES, for appellant.

Messrs. CARNES & DENTON and J. I. MONTGOMERY, for appellee.

BAKER, P. J. The evidence was conflicting and the jury found the issue for appellee, who was plaintiff below; and we must assume the facts were substantially as claimed in the testimony introduced by him. The corn-planter and check-rower were left with appellant for trial by the agent of appel-

lee, on Monday; and on Wednesday following the farmer agreed that if the planter did not break all to the devil befoi e he got through planting the piece of ground on which he was then at work, he would take the planter and check-rower and pay $58 therefor. The planter did not break all to the devil, or in any material particular, in planting the field of corn. In this suit, brought to recover the cŏntract price, the judgments both before the Justice of the Peace and in the Circuit Court on appeal, were for appellee for $58.

It is claimed the evidence did not show or tend to show a sale, but at most only an agreement to purchase ; that the instructions of the court were erroneous in assuming that an agreement to purchase amounted to a sale, and that the damages for not consummating the contract were equivalent to the price of the planter and check-rower. The transaction between the parties on Wednesday was a conditional executory contract of sale to become executed when the piece of ground was planted, providing the condition annexed was performed. When the planting of the ground in question was completed and the condition performed by the failure of the machine to break in the meanwhile in any material part, it then became an absolute and binding contract of sale between the parties. Ordinarily the duty to deliver the property sold devolves upon the seller, and the duty to pay the stipulated price therefor is imposed upon the buyer; but here no new delivery was necessary for the corn-planter and check-rower were already in the possession of the buyer and so remained, and a formal re-delivery under the contract of sale would have been idle and useless ceremony. In our opinion when the planting was finished and the planter not broken in any important manner or degree, appellant ceased to hold possession as bailee and thereafter held possession as vendee. Besides this, as between vendor and vendee, the title to personal property passes without any delivery, upon the completion of the sale. Seckel v. Scott, 66 Ill. 106. Moreover, where chattels are sold upon an executory contract at a specific price, and the vendee refuses to take and pay for them, the vendor has three remedies : he may store the property for the buyer and

give him notice, and then hold him for the full contract price; or he may give notice and then re-sell, and sue for the loss; or he may retain the property and recover the excess of the contract price over the market price. Bagley v. Findlay, 82 Ill. 524. Here, the condition having been fulfilled and the time for the execution of the contract arrived, the case fell within the first category of the rule mentioned; but the subject-matter of the contract being already in the possession of appellant, the vendee, the duty to store or keep for him was, of course, inoperative.

The instructions of the court were substantially correct. One of the assignments of error is, that all the costs were adjudged against appellant, when the costs of one term had already been adjudged against appellee. It appears that at a prior term the suit was continued on motion of appellee and at his cost and that a judgment was rendered against him for the costs of that term; this judgment, though interlocutory in respect to the controversy involved in the suit, yet was definitive and final in regard to the costs of that particular term. So, when at a subsequent term and at the end of the litigation a general judgment for costs was entered against appellant, the costs of the particular term had been already eliminated from the body of the costs, and a final adjudication with reference thereto had, and the language and legal effect of the general judgment for costs was to adjudge the costs not theretofore adjudicated, and was in no sense a modification of the former judgment of the court. There was no error in this matter of the costs.

The judgment of the Circuit Court is affirmed.

*Affirmed.*