## St. Louis Iron and Machine Works v. Hiram Kimball.

1. LIEN—*On Personal Property—Sales—Possession.*—The title to personal property vests immediately in the vendee upon its sale and delivery to him, and under the law of this State a lien upon personal property to secure unpaid purchase money can be preserved as against creditors of the purchaser, in one of two ways only. (1) By the vendor retaining possession of the property sold until the price is paid. (2) By the taking of a chattel mortgage upon the property securing the unpaid purchase

St. Louis Iron & Machine Works v. Kimball.

money, and properly executed, acknowledged, entered and recorded as required by the chattel mortgage act.

2. CHATTEL MORTGAGE—*Possession—On Default—Other Creditors.*— To be effective as against creditors, the mortgagee must take immediate possession of the mortgaged property upon default in the payment of the debt secured when it becomes due.

3. SAME—*Instrument in the Nature of—Must be Acknowledged, etc.* —A written instrument accompanying a sale of personal property providing that the title to the property should be and remain in the vendor until the covenants of the agreement to be performed as the consideration of the same by the vendee, should be complied with, not acknowledged, entered and recorded as required by the statute, is void as to creditors of the purchaser.

4. SALES—*What Are and What Are Not.*—Where, by the terms of a contract, the purchaser is not obliged to, and in fact has no right to return the specific articles, but is at liberty to return the money value thereof, he becomes a debtor and the title to the property is changed. It is a sale.

5. SAME—*Conditions for the Security of the Contract Price—Execution Creditors.*—Where property is sold and delivered by the vendor to the vendee, it makes no difference what conditions may be attached to such sale for the security of the purchase price; by reserving a lien on the thing sold, or providing the title shall remain in the vendor till the property is paid for, as to execution creditors the absolute title to the property passes to the vendee.

6. STOCKHOLDER—*Right to Loan Money to his Corporation.*—The fact that a person is a stockholder in an incorporated company, does not debar him from furnishing pecuniary aid to carry on its legitimate business, nor make invalid the debt thereby created.

7. SAME—*Knowledge of Contracts of his Company.*—The fact that a stockholder has knowledge of contracts for liens existing between his company and persons of whom it has bought goods does not affect his rights.

8. SAME—*When he Becomes an Execution Creditor.*—When a stockholder recovers a judgment against his company and execution thereunder is lawfully issued and levied upon the property, he becomes an execution creditor of the company within the meaning of that term.

Memorandum.—Trover. Appeal from the Circuit Court of Madison County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the February term, 1894, and affirmed. Opinion filed June 23, 1894.

## STATEMENT OF THE CASE.

Appellant sold and delivered to the Newbern Press Brick Co., of Newbern, Jersey Co., Ill., certain machinery and ap-

pliances for making brick.    The agreement for the sale and purchase made between the parties was in writing, executed February 10, 1891, acknowledged June 20, 1891, before a notary public in St. Louis, Mo., by the president of appellant, and recorded June 24, 1891, on page 459, book 68 of " Miscellaneous," in the recorder's office of said Jersey county.    By the terms of this agreement the purchase price was fixed at $14,200, which sum the vendee agreed to pay in manner following : One-half when machinery was ready for shipment; one-half, or the balance, by two negotiable promissory notes of $3,550 each, payable in three and six months respectively, after the machinery was put up in running order, with six per cent interest until maturity, and ten per cent thereafter.

The agreement contained an express condition that the title to the property should be and remain in appellant, until the covenants of the agreement to be performed *as the consideration* of the same, by the vendee, should be complied with, and should not be affected by the delivery and erection thereof, and that if the vendee should sell, remove or dispose of said property, or attempt to do so, or assign it, or if it should be seized by process of law, or if default be made in the payment of the purchase money, or any part thereof, or in the performance by the vendee of its covenants, then appellant might take immediate possession of said property.

Appellant shipped, erected and put in running order, said brick yard machinery and appliances, upon the land of vendee in Jersey county.    It was tested and accepted, the cash payment made, and the notes were executed and delivered for the balance of the purchase money by the vendee, in compliance with the terms of the contract, and these notes were paid except a balance of $2,300, for which a renewal note, dated March 17, 1892, due in ninety days, payable to appellant, with eight per cent interest, executed by H. A. Fisher, president and treasurer of vendee, was received and accepted.    Appellant does not claim the vendee broke any of its covenants except by failing to pay this note, and it

did not attempt to take or demand possession of said property until after Hiram Kimball, the appellee, had acquired the possession thereof, as purchaser at a sale made to satisfy the execution hereinafter mentioned. Kimball was a stockholder in the "Newbern Press Brick Co.," and a director when it was organized, but was not a director at the date of said renewal note, or when the note to himself was executed and delivered by said Brick Co., and knew about the said contract between it and appellant. It was admitted the president and secretary of said Brick Co., pursuant to resolutions passed by its board of directors, executed its note for $19,634.58, dated June 13, 1892, the day of its execution, payable to the order of appellee, and it was proved, and not contradicted, that the consideration for said note was money he actually advanced said company to pay its operating expenses.

On June 25, 1892, a judgment by confession in his favor, and against said company, for the amount of said note and interest, was duly and properly entered by the clerk of the Circuit Court of said Jersey county, in vacation. On the same day an execution was issued under the judgment to the sheriff of said county, who levied by virtue thereof upon the property in controversy, and the land of said company on which it was then located, and on July 30, 1892, sold all of the property so levied on to the appellee. He took possession of said real and personal property as such purchaser, and when the time had expired within which the real estate could have been redeemed, he received a sheriff's deed conveying it to him, and retained possession of the property in controversy from and after the day of sale. His possession was open and avowed, he claiming the right thereto as the lawful owner. That right was not disputed nor challenged until January 2, 1893, on which day appellant commenced this action in trover against him, to recover the value of the machinery and appliances before mentioned, alleged in the declaration to be lawfully possessed by appellant on December 2, 1892, and unlawfully converted by appellee to his own use.

APPELLANT'S BRIEF, HORATIO D. WOOD AND H. S. BAKER, JR.,
ATTORNEYS.

The statute in regard to chattel mortgages does not refer to cases where vendor delivers property to vendee, retaining by bill of sale contract lien thereon. In such case the unpaid vendor may enforce contract against purchaser with notice although the statute is not complied with. Chicago Ry. Co. v. Union Rolling Mill Co., 109 U. S. 702; Harkness v. Russell, 118 U. S. 663; Brewer v. Ford, 7 N. Y. S. 244; Bensinger Self Adding Cash Register v. Cain, 18 S. W. (Tex. App.) 136; Rodney Hunt Machine Co. v. Stewart, 11 N. Y. S. 448; 3 Am. and Eng. E. of Law, 429; 21 Am. and Eng. E. of Law, 495.

Even if the contract of sale upon which appellant relies be held to be a chattel mortgage, and that the same has not been executed in compliance with the statute, yet appellee is not a "third person" within the meaning of section 1 of the act, and can not set up the defense of non-compliance. Sumner v. McKee, 89 Ill. 127.

The purchaser at an execution sale takes his title subject to such liens, equities, etc., as it was subject to in the hands of the defendant, unless he can show that he is a purchaser in good faith without any notice, actual or constructive, of the existence of such lien or equity. Freeman on Executions, Sec. 336; Norton v. Pelger, 47 N. W. Rep. 471; Morton v. French, 13 S. E. Rep. 463; Am. Iron Works v. Richardson, 18 S. W. Rep. 381; Bachelor v. Sanborn, 22 Atl. Rep. (N. H.) 535.

What is to be considered a reasonable time in which the mortgagee must take possession of the mortgaged property, after default, must be determined in view of the situation of the parties and all the circumstances. Reed v. Eames, 19 Ill. 594; Cass v. Perkins, 23 Ill. 382; Arnold v. Stock, 81 Ill. 407; Barbour v. White, 37 Ill. 164.

APPELLEE'S BRIEF, LEVI DAVIS, JR., ATTORNEY.

Under the chattel mortgage act, the mortgage or conveyance having the effect of a mortgage or lien upon the

property, must be acknowledged by the mortgagor or person giving the lien. Rev. Stat. Ill., Chap. 91, Secs. 1, 2 and 4.

Where property is sold and delivered by the vendor to the vendee, it is immaterial what condition may be attached to the sale for the securing of the purchase price; as to execution creditors, the absolute title passes. Under this act, in such case, conditions reserving a lien on the thing sold, providing that title shall remain in the vendor until payment, or for forfeiture or non-compliance with the terms of sale, etc., are void, unless the instrument of sale is acknowledged by the vendee, as required by that act, and duly recorded. Hadfield v. Berry, 28 Ill. App. 380; McCormick et al. v. Hadden, 37 Ill. 370; Murch v. Wright, 46 Ill. 487; Latham v. Sumner, 89 Ill. 233; Chickering v. Bastress, 130 Ill. 216.

A provision in notes given for personal property that the title shall remain in the seller until fully paid for, is a short form of chattel mortgage. Chicago Ry. Equipment Co. v. Merchants' National Bank, 136 U. S. 268.

A chattel mortgage not properly acknowledged is void as to creditors even with notice. Long v. Cockern, 128 Ill. 29.

The lien of an execution in the hands of a proper officer attaches to all property which the debtor may own, or which he may acquire during the life of the execution. If, therefore, goods and chattels become the property of the execution debtor by sale and delivery to him, without the preservation of a lien for the purchase money in the form prescribed by the statute, the execution lien immediately attaches. Blatchford et al. v. Boyden, 122 Ill. 657 (p. 669).

Mr. Justice Green delivered the opinion of the Court.

The written contract of sale is relied on by appellant, and this suit, based thereon, can not be maintained unless by the contract a lawful lien is created upon the property sold, to secure the unpaid purchase money, or unless the sale is held to be conditional and not absolute. The title to personal property vests immediately in the vendee, upon its sale and

delivery to him, and under the law of this State a lien upon personal property, to secure unpaid purchase money, can be preserved as against creditors of the purchaser, in one of two ways only, viz.: By the vendor retaining possession of the property sold until the price is paid, or by the taking of a chattel mortgage upon said property, securing the unpaid purchase money, and properly executed, acknowledged, entered and recorded as required by the chattel mortgage act. And even when a mortgage lien is so lawfully created by strict compliance with the statutory provisions, to be effective as against such creditors, the mortgagee must take immediate possession of the mortgaged property, upon default in the payment of the debt secured when it becomes due. Blatchford v. Boyden, 122 Ill. 657, and other cases decided by our Supreme Court, announce rules substantially as above stated.

It is manifest, therefore, the written instrument relied on, created no lawful lien upon the property in controversy as against Kimball, the creditor of the purchaser. It was not acknowledged by the debtor, but by the president of the vendor company. It was not entered as required by the statute, and unless it was acknowledged by a mortgagor it was not entitled to be recorded under Sec. 4 of the act aforesaid, and the recording of it was a mere nullity. Even if the instrument could be given the effect of a chattel mortgage, the *laches* of appellant, in failing to take prompt possession, would defeat the lien. The unpaid balance of the purchase money, evidenced by the renewal note dated March 17, 1892, became due in ninety days, yet no attempt to get possession of said property was made by appellant until months thereafter. The other ground, that the sale was conditional, upon which is based appellant's right to recover, is also untenable. By the very terms of the contract the property was to be delivered to the purchaser, and the dominion and control of it was thereby given. The price and character of payments were fixed. This price was paid by the vendee in the mode agreed upon, and it was accepted by appellant. An absolute sale was thus consum-

mated and by the act of the vendor the vendee was given full possession of all the property, evidencing ownership, and inducing the extension of credit to the vendee. Where, as in this case, by the terms of the contract, the purchaser is not obliged to, and in fact has no right to return the specific articles, but is at liberty to return the money value thereof, he becomes a debtor, and the title to the property is changed. It is a sale. Chickering et al. v. Bastress, 130 Ill. 206. Where property is sold and delivered by the vendor to the vendee, it makes no difference what conditions may be attached to such sale for the security of the purchase price, by reserving a lien on the thing sold, or providing the title shall remain in the vendor till the property is paid for.

As to execution creditors, the absolute title to the property passes to the vendee. Hadfield v. Berry, 28 Ill. App. 376; citing Brundage v. Camp, 21 Ill. 330; Murch v. Wright, 46 Ill. 487; Lonergan v. Stewart, 55 Ill. 44; Bastress v. Chickering, 18 Ill. App. 198.

It further appears appellee advanced money to the Brick Co. for a laudable and proper purpose and without any fraudulent design. He was a stockholder in said company, but that did not debar him from furnishing pecuniary aid to carry on its legitimate business, nor make invalid the debt thereby created. Reichwald v. Hotel Co., 106 Ill. 439. His knowledge of said contract did not affect his rights. The judgment he obtained for the amount of the debt was duly entered according to law, and the execution thereunder was lawfully issued and levied upon the property in controversy. Appellee was then an execution creditor of the vendee, within the meaning of that term as used in the decisions cited. The title to said property was vested in the debtor in execution at the time of the levy and sale, and appellee as purchaser at said sale, became and was the legal owner of the property in controversy, and entitled to the possession thereof as against appellant.

The court below tried the case by agreement, and found the appellee not guilty. The finding was warranted by the

evidence, and the judgment against appellant for costs was right. We perceive no reversible error in holding the propositions as requested by appellee to be the law, nor in refusing to so hold as to the propositions requested on behalf of appellant. The judgment is affirmed.