# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS

SECOND DISTRICT—MAY TERM, 1895.

## David McCartney and James McCartney v. W. S. Loomis.

1. EVIDENCE—*Objection Must be Made in the Court Below.*—In an action of replevin, when a plea of justification under an execution against the plaintiff is filed, an objection to the sufficiency of the execution comes too late when made for the first time in the Appellate Court.

2. SAME—*Statements of Third Persons Concerning Ownership.*—The outside statements of a third person in whom property is pleaded in an action of replevin is not admissible to sustain such plea.

**Replevin.**—Appeal from the County Court of De Kalb County; the Hon. C. A. BISHOP, Judge, presiding. Heard in this court at the May term, 1895. Reversed and remanded. Opinion filed December 10, 1895.

JONES & ROGERS, attorneys for appellants.

W. C. KELLUM, attorney for appellee.

The validity of an execution can not be inquired into in a collateral proceeding, where the execution is not absolutely void. Swigart v. Harper, 4 Scam. 364; Durham v. Heaton, 28 Ill. 264; Freeman on Executions, Sec. 72.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This was an action in replevin brought by appellants for the possession of a mare and colt, taken by appellee as consta-

(364)

ble, by virtue of an execution against Mrs. Henry McCartney and Arch McCartney, mother and brother of appellants.

After the pleas of *non cepit*, *non detinet*, property in Mrs. Henry McCartney and justification under execution against her were filed, it was stipulated that all pleas, replications and rejoinders, properly pleadable, should be considered as filed.

A trial by jury resulted in a verdict and judgment for the defendant and an order for the return of the property.

The evidence shows that Henry McCartney, father of appellants, once owned the mare, but in 1889 she was sold upon the foreclosure of a chattel mortgage given by him on her with other property, to secure rent upon a farm on which he was living as a tenant. The owners of the farm refused to rent longer to him, but rented to his sons, David and Arch, who at the time bought the mare. In 1891, Arch sold out to his brother James, who, from that time until the fall of 1894, worked the farm under a written lease. It was contended that the entire deal with reference to the renting of the farm and buying back the chattel property was made in behalf of appellant's father and mother and that all profits resulting therefrom were received and enjoyed by them, and that the appellants had no interest in the property whatever.

Objection to the sufficiency of the execution is made before us for the first time. It comes too late. Even if there was good ground for the objection it should have been made first in the Circuit Court.

The only testimony tending to prove that Mrs. McCartney had any interest in the property replevied was that of statements made by her as a witness in a case between her and one R. J. Holcomb. This testimony was clearly inadmissible. The rights of appellants could not be prejudiced by anything she may·have said on that occasion.

The court instructed the jury that unless they believed from the evidence that the plaintiffs made a demand upon the defendant for the return of the property before the suit was commenced they should find for the defendant.

Whether a demand was necessary, depended entirely upon

whether the property, at the time it was levied upon, was in the possession of appellants or Mrs. McCartney.

This was a disputed question of fact, and the jury should have been left free to decide it. This instruction did not leave it to the jury to find whether the property was in possession of the defendants in the execution or the plaintiffs in the replevin suit, but told them in any event a demand was necessary.

For the errors mentioned the judgment must be reversed and the cause remanded.