Westphal v. Sipe.

## Henry C. Westphal v. John F. Sipe and Carlton C. Sigler, Trading as Automatic Music Company.

1. SALES—*Distinguished from Bailments.*—When the identical thing delivered is to be restored, in the same or an altered form, the contract is one of bailment and the title to the property is not changed; but when there is no obligation to restore the specific article and the receiver is at liberty to return another thing of equal value, or the money value, he becomes a debtor to make a return, and the title to the property is changed. It is a sale.

2. VARIANCES—*Question of—Must be Raised in the Court Below.*—A party can not for the first time, in the Appellate Court, raise the objection that the plaintiffs, in a suit upon a contract, are not the parties with whom the contract was made.

3. BILL OF EXCEPTIONS—*Controls the Record Made by the Clerk.*—When the recitals of the record made up by the clerk of the court, and the bill of exceptions disagree, the latter will prevail.

4. VERDICTS—*The Rule as to—When Informal.*—The rule as to irregular and informal verdicts is that, if by looking into the record, the verdict can be made responsive, it will be sustained.

Assumpsit, goods sold, etc. Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed January 22, 1896.

### STATEMENT OF THE CASE.

This suit was brought to recover the sum of $250 by reason of a contract entered into between appellees and appel-

lant, concerning a music box. The defendant offered no evidence except that he made a tender in open court to appellees of the amount collected by the music box, which tender was accepted, and also tendered to appellees, in open court on the trial, the music box in controversy and offered to return the same.

A verdict was rendered for the appellees by direction of the court for the amount named in the contract less the amount of tender accepted by appellees.

The contention in this case is whether or not appellees can recover upon the contract in question, which is as follows:

"CHICAGO, ILL., October 10, 1894.

H. WESTPHAL,
          798 Clybourne Ave.

We propose to supply you with a musical box provided with a drop slot attachment, on the following explicit terms and conditions, which our agent is not authorized to change, alter, or vary in any manner or degree, viz.: You to make all collections from the box and remit to us at Cleveland, Ohio, or our order, on each Monday following this date an amount equal to that collected by the box during the previous week, until such remittances shall amount to two hundred and fifty dollars ($250), at which time we agree to give you a receipted bill of sale for the box. Should the box at any time collect less than two dollars in any week, you to supply a sum sufficient to make such week's collection equal two dollars ($2). Upon your failure to remit any payment as above agreed, the whole amount will become due and payable, or we may at our election refund to you fifty per cent of the money paid us, and remove the box, you forfeiting all claims thereto. You to give the box the same care as you do other furniture and fixtures in the room, and to keep it in repair, and you to place nor allow to be placed no other musical box in your place during this agreement.

AUTOMATIC MUSIC COMPANY."

"I accept the above proposition this 10th day of October, 1894.

HENRY WESTPHAL."

Westphal v. Sipe.

Coleman, Williams & Linden and Oscar Hebel, attorneys for appellant, contend that the transaction was a bailment—citing Vogler v. Pekoe, 157 Ill. 339; Enlow v. Klein, 79 Pa. St. 488; Porter v. Pettingill, 12 N. H. 299; Hussey v. Thornton, 4 Mass. 405; Marsten v. Baldwin, 17 Mass. 606; Sargent v. Gile, 8 N. H. 325; Sanborn v. Colman, 6 N. H. Rep. 14; Henry v. Patterson, 57 Pa. 346; Rowe v. Sharp, 1 P. Smith (Pa.) 26; Farmers' Nat. Bank v. Henderson, 29 S. W. Rep. 562; Singer v. Treadway, 4 Ill. App. 58; Sanders v. Keber, 28 Ohio St. 67; Denney v. Williams, 5 Allen 3; Rowe v. Sharp, 51 Pa. State 26; Dunlap v. Gleason, 16 Mich. 158; Harkness v. Russell, 118 U. S. 63.

Smith, Helmer, Moulton & Price, attorneys for appellees, contended that the transaction was a sale—citing Fleury & Co. v. Tufts, 25 Ill. App. 101; Norton v. Hummel, 22 Ill. App. 194; Lonergan v. Stewart, 55 Ill. 49; Richardson v. Olmsted, 74 Ill. 213; Lucas v. Campbell, 88 Ill. 447; First National Bank v. Schween, 127 Ill. 573; Waters v. Cox, 2 Ill. App. 129; St. Louis I. & M. Works v. Kimball, 53 Ill. App. 636.

Mr. Justice Waterman delivered the opinion of the Court.

The contract under consideration was one of sale, the vendor to be paid weekly the amount received by the box, and in any event at the rate of two dollars a week until the sum of $250 was paid, the entire price to become due upon the failure of the vendee to remit two dollars per week.

No option was reserved to appellees, save in the contingency that the two dollars per week was not remitted; and the option then was to refund one-half the money appellees had received, and take back the box, instead of treating the entire amount unpaid as then due and payable. Each party acquired definite rights under the contract; it was therefore mutual.

Appellees have not exercised their option to take back the box, and the $250, by reason of the failure of appellant to pay the two dollars per week, has become due.

The box has been sold to appellant for $250, and the price is due; the box belongs to the vendee. Norton v. Hummer, 22 Ill. App. 194; Murch v. Wright, 46 Ill. 487; Chickering v. Bastress, 130 Ill. 206; Lucas v. Campbell, 88 Ill. 447; First Nat. Bank v. Schween, 127 Ill. 573; Waters v. Cox, 2 Ill. App. 129; St. Louis I. & M. Works v. Kimball, 53 Ill. App. 636.

Appellees sue as co-partners doing business under the name of the Automatic Music Company.

The character in which plaintiffs brought suit was not disputed. Upon the trial appellant tendered to them the receipts of the box, and they were by appellees accepted. Appellant also on the trial tendered to appellees the box. After such recognition of appellees as the parties with whom the contract was made by him, we think it is now too late for him to object that they are not the parties who made the contract sued on, no such objection having been made in the court below. Richelieu Hotel Co. v. Military Encampment Co., 140 Ill. 248–259.

The verdict as recorded is as follows: " We, the jury, find the issue for the plaintiff and assess its damages at the sum of two hundred and thirty-five dollars and thirty-five cents."

In the bill of exceptions the verdict appears as follows: " We, the jury, find the issue for plaintiff and assess the plaintiff's damages in the sum of two hundred and thirty-five and 35-100 dollars ($235.35)."

When the recitals of the record made up by the clerk of the court, and the bill of exceptions disagree, the latter will prevail. Hirth v. Lynch, 96 Ill. 408.

As to irregular and informal verdicts, the rule is that if by looking into the record the verdict can be seen to be responsive, it will be sustained. Daft v. Drew et al., 40 Ill. App. 266; City of Pekin v. Winkle, 77 Ill. 56; Hartford F. Ins. Co. v. Van Duzor, 49 Ill. 489; Wiggins v. City of Chicago, 68 Ill. 372; Ill. Cent. R. R. Co. v. Reardon, 157 Ill. 372.

The judgment of the Circuit Court is affirmed.