## Calumet Electric Street Railway Company v. Nettie E. Van Pelt, Adm'x, etc.

1. INSTRUCTIONS—*Care to be Proved by Persons Suing for Personal Injury Stated.*—An instruction which tells the jury that if the plaintiff was injured while in the exercise of ordinary care for her safety, and without fault or negligence on her part, she is entitled to recover, is not subject to criticism on the ground that it confines the necessity for due care to the time of the injury.

2. NEGLIGENCE—*A Question of Fact—Circumstances to be Considered.*—Negligence and care are questions of fact under the circumstances of the case; and the fact that a person who was injured was a

young girl may be considered by the jury, and they may decide what regard should have been given to the uncertainty as to what such a child might rashly do under circumstances tending to frighten her.

3.   PRACTICE—*Consideration of Motions for a New Trial.*—A written motion for a new trial, assigning a number of reasons why a new trial should be granted, was filed.   Such motion was not shown to the court, and one of the reasons therein assigned was not mentioned in the argument or in any way brought to the attention of the court.   *Held,* that the matters stated in such reason could not be assigned for error in a court of appeal.

**Trespass on the Case.**   Death from negligent act.   Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding.   Heard in this court at the October term, 1896.   Affirmed.   Opinion filed February 1, 1897.

JUDSON F. GOING and J. A. BURHANS, attorneys for appellant.

H. T. & L. HELM and H. W. MAGEE, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee is administratrix of her daughter, Edna Irene, who at the age of nine years was run over and killed by a car of the appellant.

The argument of the appellant in the opening brief is mainly upon the right to recover at all, under the circumstances of the accident, with allusion, however, to an instruction and a charge that the damages, $5,000, assessed by the jury, are excessive.

The instruction and criticism of it are as follows:

"1.   The court instructs the jury that if you believe from the evidence that Edna I. Van Pelt, while in the exercise of ordinary care for her safety, and without fault or negligence on her part, lost her life by and through the negligence of the defendant, as charged in the declaration, and that said Edna I. Van Pelt left her surviving next of kin, then you should find the defendant 'guilty,' and assess the plaintiff's damages at such sum as you believe from the evidence will be a fair and just compensation, based upon the pecuniary loss, if any, resulting from the death of the said

Edna I. Van Pelt, to her said next of kin, not exceeding the sum claimed in the declaration filed herein."

" In this instruction, the court confines the necessity for due care on the part of the deceased to the time of the injury, by implication, excluding the time preceding, during which the evidence strongly tends to show negligence on the deceased's part. This is error."

" Without fault or negligence on her part," excludes the construction placed by the appellant upon the instruction.

Upon the evidence the case is, that in the afternoon of July 29, 1892, three girls—the others being respectively aged eight and twelve years—were playing a game in Ninety-third street which they called " Follow the leader; " one running and the others chasing in file, and at intervals the leader fell to the rear, so that the next became leader.

The children saw the car approaching from the east, a very considerable distance, and started away from it, still playing their game. The other girls were in advance of deceased, and it is quite clear that the rules of the game were abandoned, and the girls all ran from the direction the car was coming. The street was macadamized, and the north rail of the track was ten feet from the curb. The other side of the curb was a ditch filled with water. In the direction the girls were running, obstructions, which the other girls passed, in the street, narrowed the way, in one place to three feet, in others to five feet, between the obstructions and track. It was obvious to the motorman that those children were running from the car; from what motive he had no means of knowing.

What thoughts agitated the child mind of the deceased can only be conjectured. When near the obstructions, she suddenly sprang to cross the track, so closely to the car that it was impossible to stop it, and death was the result.

The duty of the appellant to exercise ordinary care—" that degree of care which it is to be presumed an ordinarily careful and prudent person would exercise in the same relation and under the same circumstances" (Wolff Mfg. Co. v. Wilson, 46 Ill. App. 381)—to avoid injuring children upon the street can not be denied.

Her tender years and sex are to be taken into account in calculating the probable influence upon her fears, when the car, with loud ringing of the gong, was constantly gaining upon her, and the way in front so obstructed.

Negligence and care are questions of fact for a jury. That she was a young girl, running as fast as she could from the way the car was coming, and that her path would soon be so narrowed that she might well be afraid to enter it, were obvious facts. While the duty of the appellant was not increased toward the child by circumstances affecting her, her heedlessness in leaving a place of safety and going into danger may be excused by them.

The jury were justified in finding, in effect, that the car should not have been driven to pass her, as was the apparent purpose of the motorman, and that more regard should have been had to the uncertainty of what such a child would rashly do under surrounding circumstances. Chicago W. D. Ry. v. Ryan, 131 Ill. 474.

As to the amount of damages this record is in a peculiar shape.

A motion for a new trial was made, and among the grounds was: " 12. The damages are excessive;" but the bill of exceptions states that " the foregoing motion based upon twelve grounds as above set forth, was filed in this court on the day upon which the said motion for a new trial was considered by the court, but on the argument and presentation of such motion on behalf of the defendant, there was no argument made to the court in support of any other than the following, viz.: that ' the verdict was contrary to law,' ' the verdict was contrary to the evidence,' and ' contrary to the law and the evidence,' ' and that there should have been no verdict for any amount in this case.'

Said written motion was not exhibited or shown to the court and there was no statement made to the court of the several points or grounds for new trial as set forth and exhibited upon the said motion, other than above stated."

Jones v. Jones, 71 Ill. 562, commented upon and distinguished in Ottawa, etc., R. R. v. McMath, 91 Ill. 104, we

regard as authority that the question of the amount of damages is not before us for review. The principle that "where the entry of a decree *pro forma* is the act of the parties and not of the court, no appeal will lie, because there has been no determination by the trial court" (2 Ency. Pl. & Pr. 100) applies with equal force to an error assigned upon a question that the party did not present for decision to the trial court. Objections are not to be raised for the first time in a court of review. McCartney v. Loomis, 61 Ill. App. 364; Westphal v. Sipe, 62 Ill. App. 111.

The judgment is affirmed.

MR. JUSTICE WATERMAN.

I regard the right of the appellee to recover in this case as extremely doubtful.

One riding, driving or walking along a street, or other public place, is not obliged to be all the while on his guard against sudden, unexpected and unusual impulses of children or others, and is not responsible for injuries which may happen to people arising from sudden and not to be apprehended action upon their part.

The deceased, with her little companions, saw the car when it was about a block and a half away, and began running in the direction in which it was going. They did not run in front of the car, and were not in a place of peril, as, by the side of appellant's track, they proceeded along the street.

If the deceased had stopped in her flight she would have been uninjured; if she had followed her companions she would have been, as they were, unharmed. Her tragic death was caused by her suddenly springing from a place of safety, in front of appellant's car, at a time when it was too late to stop the car ere it came in contact with her.

Under these circumstances, the only question which could be presented to the jury was, whether the motorman, seeing these children running along beside the track, had reason to think that they might be frightened by the approach of the car, and in their childish indiscretion, instead of

stopping in the line which they were pursuing, or turning away from appellant's track, might, as one of them did, suddenly dart in front of the car.   Had they been adults, it is certain the motorman might have presumed that they would pursue a reasonable and rational course; but being little children, it is perhaps the case that he was bound to consider that they might be so frightened that they would do as the deceased did, the very opposite of what was prudent, and thus rush from a place of security into one of deadly peril.

That one is not obliged to all the while so guard his movements that injury may not be inflicted upon a child who suddenly throws itself in his path, is established by many cases.   Messenger v. Dennie, 137 Mass. 197; Bulger v. Albany R. R. Co., 42 N. Y. 459; Hearn v. St. Charles St. R. R. Co., 34 Louisiana Annual, 160; Gallaher v. Crescent City R. R. Co., 37 Louisiana Annual, 288; Goshorn v. Smith, 92 Pa. St. 435; Heslonville Passenger R. R. Co. v. Connell, 88 Pa. St. 520; Warner v. The People's St. Ry. Co., 141 Pa. St. 615; Am. & Eng. Ency. of Law, Vol. 4, p. 46, note 4; Fenton, Adm'r, v. Second Ave. Ry. Co., 126 N. Y. 625.

It may add to the faith of those who believe that there is nothing new, to recall that twenty-three centuries ago, Lysias, an Athenian orator, presented to an Athenian court the question of responsibility for the accidental death of of one who ran within range of a javelin hurled by the defendant while exercising in a gymnasium.