## Hermanus T. G. Rack v. Chicago City Railway Co.

1. STREET RAILROADS—*Care Required of, for Safety of Persons on Streets.*—Persons in charge of electric cars in passing along public streets are bound to have regard for the rights and safety of others, but are not obliged to be all the while upon guard against the not reasonably to be expected, the unusual and the extraordinary.

2. NEGLIGENCE—*Question of, When to be Submitted to the Jury.*—So long as reasonable minds might differ as to whether the facts shown constitute negligence, the question of whether there was negligence must be submitted to the jury.

3. SAME—*Speed of Cars, in the Absence of Ordinances.*—In the absence of an ordinance upon the subject, running cars through the streets of a city at the rate of twelve miles per hour, is not of itself alone, negligence.

4. ELECTRIC CARS—*Duty of the Gripman.*—It is the duty of a gripman to run his car with reference to the intentions of others, of which he has notice.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed April 15, 1897.

### STATEMENT OF THE CASE.

This was an action to recover damages against the Chicago City Railway Company, on account of personal injuries sustained by the plaintiff, Hermanus Rack, a boy then about four years and seven months old. The accident occurred in August, 1893, near the crossing of Fifty-fifth street and Kimbark avenue, in the city of Chicago. The defendant's cable trains at that point run east and west on Fifty-fifth street. Plaintiff, in company with another small boy, was first seen by the gripman of the cable train, which was approaching from the east, standing in the roadway of Fifty-fifth street, south of the east bound track, two or three feet from the curb. At that time the grip-car was from 130 to 160 feet away. The distance from the curb to the east-bound track was estimated at twelve feet. The cable train was then traveling twelve miles an hour. See-

Rack v. Chicago City Ry. Co.

ing the children in that position the gripman reduced the speed of his train to about ten miles an hour, then started it up again.   When the grip-car was about thirty or forty feet away the plaintiff started to run directly north across the street, and in front of the approaching train.   One witness testified that he reached the track and fell down when the cable car was still twenty or thirty feet away; others said he ran directly in front of the train and was knocked down.   One of his feet was crushed so that about a third of it had to be amputated, leaving a stump.   After striking the child the train moved thirty or thirty-five feet before it came to a stop.   Witnesses differed widely as to the spot where the accident happened.   One said it was on the west cross-walk, others that it was eight, forty or one hundred feet west of the west cross-walk.

At the close of all the evidence, on defendant's motion, the court instructed the jury to find the defendant not guilty.   Motion for a new trial was made and denied, and judgment was entered on the verdict.   From which judgment this appeal is taken.

Burnham & Baldwin, attorneys for appellant.

W. J. Hynes and H. H. Martin, attorneys for appellee.

Mr. Justice Waterman delivered the opinion of the Court.

As is well stated by counsel for appellant, "So long as reasonable minds might differ as to whether the facts shown constitute negligence," the question of whether there was negligence must be submitted to the jury.

It appeared by the evidence that upon the day of the accident the track was wet and slippery; that when the track is dry a train can not be stopped in a distance of less than sixty feet; that when the track is wet, it takes a greater distance.

There was nothing tending to contradict the testimony of the gripman, that as soon as the plaintiff started to run

across the street he did all that was possible to stop his train and avoid the accident.

It is urged that running a car through a city street at a speed of from ten to twelve miles an hour, is itself negligence.

We are of the opinion that traveling at a speed no greater than is permitted by law, can not be said to be, by itself alone, negligence.

Running cars through the streets of a city is necessarily fraught with danger. Railroad men insist, with how much truth we can not say, that more accidents will occur from a train running at four miles an hour than from one run at four times that speed. However this may be, we regard it as the business of the municipal authorities to determine at what rate of speed cars may be run, and that the simple fact of proceeding at a rate of twelve miles an hour can not be held to be negligence.

Was it, then, negligence to proceed at ten miles per hour with the knowledge that the plaintiff was standing within two or three feet of the curb, and without anything indicating that he was about to cross the street?

If it be, then it would seem that the presence of young children upon the sidewalk would require that the speed of the car be reduced so that if, in obedience to a childish impulse, they started to run across the street, the car could be stopped ere they reached the track.

The accident in the present case did not happen upon a crossing; yet it is true, as is urged by appellant, that if the gripman, when he first saw the boys standing by the curb with apparently no intention of crossing the street, had checked the speed of his car to the extent he could have done, the accident would probably not have happened.

Was he bound to do this? Under the present city ordinances, we think not.

All adults are bound to exercise ordinary care; under some circumstances extreme care. One passing in a lawful manner upon a public street is bound to have regard for the rights and safety of others; but he is not obliged to

be all the while upon his guard against the not reasonably to be expected, the unusual and extraordinary.

The action of the plaintiff in suddenly starting to run across the street, in front of this car, was extraordinary, not to be expected and unusual.

So soon as the gripman had notice of the intention of this little lad to do as he did, it became the duty of appellee to run its car with reference to such intent; this it did, but unfortunately the notice came too late.

There is no evidence tending to show that appellee was negligent, either in the equipment or operation of its train.

The following authorities support the conclusion to which we have come:   Trumbo v. City Car Co., 89 Va. 780; Fleishman v. Neversink Mountain R. R. Co., 174 Pa. 510; Chilton v. Traction Co., 152 Pa. St. 425; Gannon v. N. O. Ry. Co., 20 So. Rep. 223; Citizens Street Ry. Co. v. Cary, 56 Ind. 396.

The judgment of the Circuit Court is affirmed.

MR. JUSTICE GARY.

I hesitate.   Calumet Electric Ry. v. Van Pelt, 68 Ill. App. 582.