## T. O. Tanton, Ex'r, v. Mary E. Keller.

1. COSTS—*When Adjudged Against One Party During the Course of Litigation and by General Judgment Against the Other at the End.*— Where, at a former term, the costs of that term have been adjudged against a party, and at the end of the litigation there is a general judgment for costs against the opposite party, the costs of the particular term are treated as having been already eliminated from the body of the costs, and the general judgment for costs is treated as applying only to the costs not adjudged at the former term, and not as a modification of the former judgment.

2. SAME—*Power of the Court at a Subsequent Term.*—A court of

record may at a subsequent term modify an order adjudging costs previously entered in a proceeding still pending, where the court still has jurisdiction and all the parties are before it.

**Fee Bill,** for costs. Appeal from an order quashing a fee bill. Entered by the Circuit Court of Woodford County; the Hon. JOHN H. MOFFETT, Judge, presiding. Heard in this court at the May term, 1898. Affirmed. Opinion filed September 26, 1898.

### STATEMENT.

Appellant sued out an alias fee bill against appellee to collect certain witness fees taxed in a case which had been pending between said parties and others. Appellee replevied the fee bill pursuant to the statute, and upon a hearing the court below quashed said fee bill and adjudged that appellant was not entitled to collect said fees from appellee. From that order appellant prosecutes this appeal.

Mary E. Keller, the appellee, had filed a bill in equity against T. O. Tanton and others to contest the will of their father, John Tanton, of which will T. O. Tanton was executor. At the April term, 1896, of the court in which said suit was pending, the cause was continued on complainant's motion, and it was ordered that "complainant pay the costs herein taxed of this term of court." Among the costs taxed against defendants at that term was $51 to Lizzie Crawford, a daughter of T. O. Tanton, for five hundred miles travel in coming from her home in Kansas to the place of holding said court in this State, and one day's attendance as a witness. At the August term, 1896, $35.50 witness fees for Lizzie Crawford were again taxed against defendants for three days' attendance and three hundred and twenty-five miles travel in coming from the same place, though she did not testify at the trial then had. At that term, in finally disposing of said cause, there was a motion by complainant to tax costs, and at the hearing thereof said Mary E. Keller and T. O. Tanton duly appeared by their respective solicitors, and an order was entered "that all the costs of summoning, attendance and *per diem* of the following witnesses * * * Lizzie Crawford

\* .\* \* shall be taxed to and be paid by defendant T. O. Tanton, executor, out of the estate of John Tanton, deceased." There was no appeal from this order, nor was any certificate of evidence taken to preserve the showing upon which it was based. Afterward appellant sued out a fee bill against Mrs. Keller to collect the witness fees of said Lizzie Crawford taxed at said April term. Appellee filed a bill in equity to restrain the collection of said fee bill and had a preliminary injunction, which was afterward dissolved, damages assessed and the bill dismissed. Appellant then sued out an alias fee bill for the collection of said fees, and it was replevied and quashed as above stated.

ELLWOOD & MEEK, attorneys for appellant.

R. M. BARNES, attorney for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

First. Appellant insists that the order entered at the August term does not mean that T. O. Tanton, executor, shall pay the witness fees of Lizzie Crawford taxed at the April term. The principle relied upon is that where, at a prior term, the costs of that term have been adjudged against a party, and at the end of the litigation there is a general judgment for costs against the opposite party, the costs of the particular term are treated as having been already eliminated from the body of costs, and the general judgment for costs is treated as applying only to the costs not there adjudged, and not as a modification of the former judgment of the court. Norton v. Hummel, 22 Ill. App. 194. The order at the August term was not a general judgment for costs, but was an order specifying certain particular items which the executor was required to pay. The claim that the fees of Lizzie Crawford taxed at the April term were not intended to be embraced in this latter order seems to be excluded by the specific language adjudging that the executor pay all the costs of summoning; attend-

ance and *per diem* of the witness Lizzie Crawford. This is not general but special. The executor will not pay all the costs of attendance and *per diem* of Lizzie Crawford unless he pays the costs of her attendance and *per diem* at the April term.

Second. Appellant contends that the order of the April term was a final judgment and the court had no power to set aside or disregard it at the August term, and that if the order at the August term was intended to have that effect it is void *pro tanto*. We can not concede the conclusion. The court still had jurisdiction of the cause and had all the parties before it. Even if it was error to enter an order at the August term having the effect of modifying the order of the April term, yet the action of the court at the August term would still be binding upon the parties till reversed in a direct proceeding. But the action was not necessarily erroneous. If, at the August term, there had been presented to the court a stipulation signed by the executor, consenting that all the witness fees of Lizzie Crawford might be paid out of the estate, and that the order of the April term might to that extent be modified, surely such a showing would justify the order in fact made. Again, the order of the April term is very general. Complainant was required to pay "the cost herein taxed of this term." No other witness fees were taxed on either side at that term. It may have appeared to the court at the trial at the August term that Lizzie Crawford knew nothing material to the case; and that no witness fees had been taxed or anticipated when the order of the April term was entered. In view of the general terms of the April order we can not hold the court would have been powerless to afford relief in such case. The court at the August term had some showing before it which caused it to make the order it did. The executor did not preserve the showing or assail it in a direct proceeding. We must therefore presume it was ample to support the order. It was rendered by a court having jurisdiction of the parties and subject-matter, and supersedes the former order so far as relates to the fees of Lizzie Crawford, and it

has not been reversed. While it stands unreversed the executor can not have a fee bill against appellee for said costs.

Third. We are unable to see that the injunction suit affects the rights of the parties. Appellee mistook her remedy and has suffered for it. But the dismissal of the bill only adjudged she was not entitled to relief by injunction.

The order will be affirmed.