# Chicago City Railway Co. v. Jennie Fennimore.

1. ORDINARY CARE—*No Recovery Without.*—A person can not recover for a personal injury unless at the time of receiving the injury he is in the exercise of ordinary care for his own safety and the injury resulted from the negligence of the defendant.

2. PERSONAL INJURIES—*Must be Attributable to the Defendant's Negligence.*—The injury must be attributable to the defendant's own negligence and to that alone; if occasioned in any degree by the plaintiff's negligence he is without redress.

**Trespass on the Case,** for personal injuries. Trial in the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the March term, 1898. Reversed and remanded. Opinion filed October 21, 1898.

W. J. HYNES and W. J. FERRY, attorneys for appellant.

JAMES C. McSHANE, attorney for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is an action to recover damages for personal injuries.

Appellee, while attempting to cross appellant's tracks at or near the intersection of State and Forty-eighth streets, Chicago, at about eight o'clock in the evening, was struck by a south-bound cable car as she stepped in front of it after passing behind a train going in the other direction.

It is claimed that the accident was caused by the negligence of the appellant in not maintaining a sufficient headlight, and running the train at an excessive rate of speed, without giving sufficient warning of its approach.

There is evidence in behalf of appellee tending to show that the headlight was not burning as brightly as usual; but it is conceded that it was burning, and witnesses for appellee who testify to its being dim, nevertheless state that they saw it distinctly and had no difficulty in so doing, as the train was passing along the street. The chimney of

Chicago City Ry. Co. v. Fennimore.

the lamp is said to have been cracked or broken at the top, causing some smoke.   There is considerable testimony introduced by appellant, tending to show that the light was not thereby affected and that it was sufficiently bright.   However that may be, evidence introduced in behalf of appellee tends to show that the light could be seen at least as far as across the street.

The train by which appellee was struck was going at the full cable speed, and its bell or gong was ringing while it was passing the other train.   It is charged that this rate of speed was gross negligence, even though the bell was sounding, when, as appellee claims, the headlight was dim.

It is contended that this alleged negligence was the proximate cause of the accident, because appellee testifies that she looked north while waiting for the train to pass her, and saw no train approaching from that direction.   It is urged that if it had been burning properly she would have seen the headlight of the south-bound train among the lights of the city streets, and would have been thus warned of its approach.

After the passage of the north-bound train, if appellee's testimony is accepted, she stepped immediately behind it and started to cross the tracks.   It is conceded, however, by her counsel, that she did not look north again before so crossing:   "The only precaution," says appellee's counsel, "which she could have taken, and which she probably did not take, was to have looked north after stepping from behind the north-bound train."   Had she taken this precaution she would doubtless have avoided the accident.

Appellee can not recover unless she was in the exercise of ordinary care for her own safety and the injury resulted from the negligence of the defendant.   L. S. & M. S. Ry. Co. v. Hessions, 150 Ill. 546, 556.

"The injury must be attributable to the defendant's own negligence and to that alone; if occasioned in any degree by the plaintiff's negligence, he is without redress."   N. J. Exp. Co. v. Nichols, 33 N. J. L. 434; see Chicago City Ry. Co. v. Canevin, 72 Ill. App. 82, and cases there cited.

That this accident was occasioned by the plaintiff's not taking this precaution seems extremely probable. If, instead of being struck by the cable car, she had been hit by a team or loaded wagon coming along the car tracks in the same manner, by reason of her failure to take the ordinary precaution of looking in that direction, there would probably have been no question as to whether her own negligence was responsible for the accident. The absence of a light as brilliant as the headlight of a cable car would not be regarded as excusing her own want of care.

It is not by any means clear in this case, from the evidence, that the alleged negligence attributed to the defendant company, even if satisfactorily proved, had anything to do with misleading the appellee and thus causing the accident. It is conceded not only, but contended by appellee's counsel, that she walked immediately in front of the approaching train from behind the rear end of another train, without looking to see if it was safe to do so.

As is said in C. & N. W. Ry. Co. v. Hansen, 166 Ill. 623–628, "The traveler may not be in fault in failing to look or listen if misled without his fault." In the present case it does not appear that the view when she stepped in front of the car which struck her was obstructed by any object or by the darkness, even if the noise of the ringing bell was confused with or supposed to be connected with the passing instead of the approaching car. Unless she was in fact misled by the alleged dimness of the headlight, the conclusion that she was negligent under these circumstances, and that such negligence contributed directly to the injury, would result as a matter of law. C. & E. I. R. R. Co. v. O'Connor, 119 Ill. 586, 597; Chicago City Ry. Co. v. Canevin, *supra.*

It is urged that it was a question for the jury whether she was thus misled, and whether the appellant's negligence was responsible, and that by their verdict they have so determined.

The jury returned a verdict for fifteen thousand dollars in favor of appellee. According to the judgment of the trial court, which had the parties and witnesses before it,

this verdict was four times too large. We are not to be understood as condemning the practice of requiring a remittitur in proper cases. But a verdict so excessive that four-fifths of it will be remitted to prevent a new trial, as is said in C. & N. W. Ry. Co. v. Cummings, 20 Ill. App. 333, "can not but be regarded as the result of passion and prejudice on the part of the jury, and it is difficult to see how the vice in such a verdict can be cured by a remittitur, for the passion and prejudice was in the jury and must have entered into and permeated the whole finding, and must abide in that which remains as well as in that which is remitted."

As there must be another trial we refrain from further comment on the evidence.

The judgment of the Superior Court is reversed and the cause remanded.