## Chicago City Ry. Co. v. Jennie Fennimore.

1. ORDINARY CARE—*Measure of Proof on the Party Holding the Affirmative.*—In an action for personal injuries it is not incumbent upon the plaintiff to establish care and caution on his part by direct and positive testimony, and in determining such question the instinctive promptings to the preservation of life and evidence of danger may be taken into consideration.

2. SAME—*Failure to Look and Listen.*—It can not be said as a matter of law, that a person is in fault in failing to look and listen when about to cross the track of a railroad, if misled without his fault, or when the surroundings excuse such failure.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed December 24, 1901.

WM. J. HYNES and W. J. FERRY, attorneys for appellant; MASON B. STARRING, of counsel.

JAMES C. McSHANE, attorney for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

This is an appeal from a judgment for $2,250, entered upon a verdict for that sum, in a suit brought by appellee against appellant, to recover damages for an alleged personal injury.

The principal questions presented are whether appellant was or was not negligent, as charged in the declaration, and whether appellee was or was not in the exercise of due care for her own safety at the time of sustaining the alleged injury.

The injury happened on the tracks of appellant on State street at Forty-eighth street. At that point there was a double track, the east one being used for north-bound cable trains and the west one for trains south-bound. Appellee lived on the east side of State street about midway between Forty-seventh and Forty-eighth streets. On the evening in question she left her home to go to Englewood, which lay southward, and she desired to take a south-bound train. Coming to the sidewalk she looked north for an approach-

ing train, but seeing none she walked along on the sidewalk on the east side of the street, southward to Forty-eighth street. There she started to cross State street to reach the west side of the street, in order to get in the proper place to take a south-bound car. In doing so, she says she walked cat a cornered (presumably from the northeast corner of Forty-eighth and State streets). Just before reaching the east or north-bound track a north-bound train came along and she stopped to let it pass. It went by at the usual rate of speed without stopping. Just before, or as it passed her, she looked again in the direction of Forty-seventh street for an approaching train, but saw none, and as soon as the north-bound train passed she stepped in behind it and crossed the track on which it was running, and was about to step on to the south-bound track when she was struck by the grip car of a south-bound train and injured in the manner complained of.

There was evidence tending to show that the headlight on the south-bound grip car that struck her was, owing to an accident that had happened to the lamp, burning dimly and was not seen by appellee, and that no bell or gong was rung as the train approached.

The dimness of the headlight is not seriously controverted by the appellant, but it is insisted that the bell or gong was ringing, and that the headlight, although defective, was burning with sufficient brightness to be visible at a considerable distance to persons who looked for it.

The speed at which the train that struck appellee was going, was conceded to be the usual speed at that point, viz., twelve miles an hour, and that no attempt to lessen the speed was made by the gripman until just before appellee was hit.

While running street cars at the rate of twelve miles an hour, when such rate of speed is not prohibited by ordinance, is not of itself negligence (Pack v. Chicago City Railway Company, 69 Ill. App. 656, same case 173 Ill. 289), such rate of speed may be properly considered by the jury in connection with other evidence, such as dimness or absence of headlight, or failure to otherwise give warning of the

coming of a train when approaching a street crossing, or when passing another car moving with equal rapidity in an opposite direction for the purpose of showing a negligent operation of the train complained of.

The case was here on appeal by the present appellant once before (76 Ill. App. 478). The verdict at that trial was returned at $15,000, of which four-fifths, or $12,000, was remitted to obviate the granting of a new trial. We there held that the vice of so large a verdict could not be cured by a remittitur of four-fifths of it, and remanded the cause for another trial. It has been again tried with the result of a verdict, untainted by passion or prejudice, upon which judgment has been entered.

But it is still strongly insisted that the appellant's servants in charge of the offending train were in the exercise of all the care and caution imposed upon them by the law, and that appellee herself did not exercise the care for her own safety that the law required of her as a condition of a recovery by her.

We have stated the facts and circumstances under which the accident happened. They are few and the issues presented were plain. Two juries have heard all the evidence and have found by their verdicts that the light was so dim, under evidence tending to show it, that it was not easily discernible, except when close to it, and did not constitute a warning to appellee of the approach of the train carrying it. They must also be held to have found that the rate of speed at which the train was running was excessive in view of the condition of the headlight, the passing of the north-bound train, and the surrounding darkness.

The main ground of contention that appellee was not in the exercise of due care for her own safety, is that appellee did not look northward after passing behind the north-bound train. She had looked just before, and seeing no train approaching, it was not absolutely incumbent upon her to again look. The passing of the north-bound train, going at the rate of twelve miles an hour, occupied but a very short space of time. Before it had passed, her view to the northward was unobstructed, and seeing no headlight approach-

ing, it was not necessarily incumbent upon her to look again while taking the few steps remaining for her to cross the street. She must necessarily also have watched to pick her steps when making the crossing over the tracks. The passing of the north-bound train also arrested her attention. It was not incumbent upon appellee to establish care and caution on her part by direct and positive testimony, but such due care may be inferred from all the circumstances immediately prior to and at the time of the injury; and in determining such question the instinct prompting to the preservation of life and evidence of danger may be taken into consideration. C. & E. I. R. R. Co. v. Huston, 95 Ill. App. 350; C., C., C. & St. L. Ry. Co. v. Keenan, 190 Ill. 217.

It is the settled rule in this State that it can not be said, as a matter of law, that a person is in 'fault in failing to look and listen if misled without his fault, or when the surroundings may excuse such failure. Chicago and Alton R. R. Co. v. Pearson, 184 Ill. 387.

As we said when the case was here before (78 Ill. App. 478), reversing the proposition then stated, if she was in fact misled by the alleged dimness of the headlight, the conclusion that she was negligent under the circumstances would not result as a matter of law.

It was for the jury to decide whether, in view of all her surroundings, she was excused from looking again.

With reference to the claimed error in refusing one of the instructions asked by appellant, it was doubtless good as an abstract proposition of law. But in the respects applicable to the case in hand, it was sufficiently covered by other instructions that were given.

It is finally urged that the verdict was excessive, but we think not. The extent of appellee's injuries must be ascertained from a consideration of all the evidence and not from that on appellant's side only. After a careful consideration of all the evidence we can not say there is any indication of partiality, prejudice or passion entering into the conclusion of the jury. The judgment will be affirmed and it is so ordered.