James J. Foley, Appellee, v. Chicago City Railway Company, Appellant.

Gen. No. 14,503.

CONTRIBUTORY NEGLIGENCE—*effect of failure to look. Held*, under the evidence that it was a question for the jury to determine as to whether or not the plaintiff in seeking to cross street car tracks was guilty of contributory negligence and that the verdict of the jury finding that there was no contributory negligence was conclusive.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. WILLIAM H. McSURELY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Affirmed. Opinion filed May 11, 1909. Rehearing denied May 21, 1909.

Statement by the Court. Appellee brought an action on the case in the Superior Court against appellant to recover damages for personal injuries alleged to have been sustained by him through the negligence of the defendant. He had judgment for $6000, and the defendant appealed.

Defendant operated in Halsted street in the city of Chicago a double track electric street railway. Plaintiff was a passenger on a north bound Halsted street car running on the east track, which stopped on the north side of Sixty-fifth street, and plaintiff alighted from the rear step on the east side of the car about three feet north of the curb on the north side of Sixty-fifth street. He intended to go to his office which was on the west side of Halsted street about eighty feet south of Sixty-fifth street, and testified that he started to go over the street intersection diagonally to the southwest corner of Halsted and Sixty-fifth streets. In crossing the west track he was struck by a south bound car of defendant on that track and was injured. The contention of plaintiff was that he was so struck at a point about fifteen feet north of the sidewalk on the south side of Sixty-fifth street, and that of defendant that he was struck at a point about fifty feet south of the south line of Sixty-fifth street. The negligence alleged in the first count of the declaration was that defendant negligently ran said car over said crossing at a great and dangerous rate of speed; in the second count, that defendant negligently ran said car over said crossing without sounding a gong or giving other warning; in the third count that defendant so negligently ran and managed said car that it ran against the plaintiff, who was then crossing Halsted street at Sixty-fifth street.

FRANKLIN B. HUSSEY and C. LEROY BROWN, for appellant; JOHN R. HARRINGTON, of counsel.

HORTON & MILLER, for appellee.

Foley v. Chicago City Railway Co., 148 App. 339.

MR. JUSTICE BAKER delivered the opinion of the court.

Appellant contends that the defendant was not guilty of negligence and that the plaintiff was guilty of contributory negligence.

The accident occurred about eleven o'clock at night. The motorman testified that he met the north bound car about midway between Sixty-fourth and Sixty-fifth streets, and then sounded his gong twice, that he did not sound the gong again until he saw plaintiff on the track about twenty feet ahead of his car; that his car was then about forty feet south of Sixty-fifth street; that the speed of his car was ten or eleven miles per hour, and that he made no effort to check its speed in approaching or crossing Sixty-fifth street, nor until he saw plaintiff on the track in front of him; that so soon as he saw a man on the track in front of his car, he made every possible effort to stop his car, but was unable to do so before it struck the plaintiff.

From the evidence the jury might, we think, properly find that plaintiff when struck by the car was twelve or fifteen feet north of the south sidewalk in Sixty-fifth street as he testified, and not forty or fifty feet south of that street as the motorman testified. We think that taking as true the testimony of the motorman as to the operation of the car, the question whether the defendant was guilty of negligence in running its car across Sixty-fifth street at ten or eleven miles per hour, without sounding a gong or making any effort to put the car under control as it approached the crossing, was a question of fact for the jury on which their verdict must be held conclusive.

The next contention of appellant is that plaintiff was guilty of contributory negligence. No witness saw the plaintiff until the motorman saw him in the south bound track in front of the south bound car. The evidence is conflicting as to the place where the plaintiff was when struck by the south bound car, but, as

has been said, we think that from the evidence the jury might properly find that he was then about fifteen feet north of the south sidewalk in Sixty-fifth street. As to the acts and conduct of the plaintiff prior to his injury, the circumstances and conditions attending such injury, there is in the record only the testimony of the plaintiff. He testified that he alighted on the east side of the north bound car, from the rear step, about three feet north of the north curb in Sixty-fifth street; that his intention was to cross diagonally to the southwest corner, and go to his office, which was on the west side of Halsted eighty or one hundred feet south of Sixty-fifth street; that he "started right off after glancing up to see if there was any other car coming."

He further testified as follows: "I turned to the left because I let the car start from me and then proceeded to go across so that I could see if anything was coming. Q. How soon after you stepped off from the car did the car start up? A. It started immediately. Q. How far did you go before you glanced up and looked north? A. I glanced immediately, just as quick as the car started. I glanced in a northerly direction to see if there was anything coming and I did not see anything. Q. Did you hear anything? A. I did not."

On cross examination he testified as follows: "Q. When you stepped off the car facing north, did you look north? A. Glanced north. Q. During that trip when you started here and walked in a diagonal direction southwest until you got over here at a point on this rail, twenty-five feet south of where you started, did you look north? A. I glanced north when I got off the car. Q. During that trip over there did you look north? A. No sir."

The night was dark, a drizzling rain was falling, and from the evidence the jury might properly have found that there was no lighted street light at either corner of the crossing, and that the plaintiff looked

Foley v. Chicago City Railway Co., 148 App. 339.

to the north, after his view in that direction was no longer obstructed by the car from which he had alighted, and did not see the south bound car. The light at the front end of the car was an incandescent light over the head of the motorman, so arranged as to throw the light down on the rail fifteen or twenty feet ahead of the car. It is not physically impossible that on such a night with such a head light, plaintiff looked to the north, after his view of the south bound track was no longer obstructed by the north bound car, and failed to see the approaching south bound car. The weather was such as naturally to cause the plaintiff to hurry to shelter. He was compelled to watch his steps; to pick his way over an unlighted street crossing.

We think that the question whether the plaintiff, in view of all the surroundings, was guilty of negligence in going on the south bound track without again looking to the north, was a question for the jury on which their verdict must be held conclusive. C. C. Ry. Co. v. Fennimore, 99 Ill. App. 174; S. C. 199 Ill. 9; C. & E. I. Ry. v. Schmitz, 211 *id.* 446; Donelson v. E. St. Louis Ry. Co., 235 *id.* 625.

We find no reversible error in the rulings of the court on questions of evidence or instructions.

The injuries of the plaintiff consisted of a dislocated shoulder; a fracture of the internal malleolus of the right leg; a fracture of the left shoulder and bones of the left foot; a fracture of the right collar bone and of two ribs. For such injuries and their consequences, as shown by the evidence, the damages cannot be held excessive.

The record, in our opinion, is free from reversible error, and the judgment of the Superior Court will be affirmed.

*Affirmed.*